DWYER, Respondent, v. PETERS, et al, Appellants.

(236 N. W. 301.)

(File No. 7121. Opinion filed April 21, 1931.)

*P. A. Hosford,* of Winner, for Appellants.

*Windsor Doherty,* of Winner, for Respondent.

ROBERTS, J. This is an action for the recovery of damages to an automobile owned by the plaintiff alleged to have been caused by the negligence of the defendant in leaving at night a tractor standing on the highway without lights.

The accident in question occurred on a public highway south of Winner on the evening of October 16, 1929. Plaintiff, accompanied by his wife and a brother, was driving his automobile north toward Winner when he collided with a tractor which at the time was standing on the highway and in charge of an employee of the defendants. The tractor carried no lights. The road is level for a distance of two miles north and south of the place where the collision occurred. Plaintiff met a truck which was going south. The lights of the truck were not blinding, plaintiff testified, but did partially obstruct his vision. Immediately after passing the truck, the plaintiff crashed into the tractor, which he did not see until he was within 20 feet. The impact drove the tractor forward 2 feet, bent the steel rims of the left rear wheel of the tractor, broke the crank case, and stripped the gears. Plaintiff's automobile was damaged beyond repair. The verdict of the jury awarded plaintiff $300. Defendants appeal from the judgment and from an order denying motion for new trial.

A motion for directed verdict was made by the defendants. The sole ground in support of such motion presented to this court for review is that plaintiff was negligent in failing to equip his automobile with headlights which reflected a light in compliance with the provisions of the Uniform Motor Vehicle Act, and denial of such motion presents the one question whether plaintiff as a matter of law was guilty of contributory negligence in failing to comply with such statutory regulations.

Plaintiff on cross-examination testified that he was driving 20 to 30 miles an hour, and this is the only direct testimony as to the rate of speed at which he was going at the time of the accident, and that his headlights cast a light making objects clearly visible 150 to 200 feet. Section 52 of chapter 251, Laws of 1929, known as the Uniform Motor Vehicle Act, provides that "headlamps of motor vehicles shall be so constructed, arranged, and ad-

justed that * * * they will at all times mentioned in Section 50 and under normal atmospheric conditions and on a level road produce a driving light sufficient to render clearly discernible a person two hundred feet ahead." Section 50 referred to indicates the conditions under which lights are required; it provides that every vehicle upon a highway must be equipped with lighted front and rear lamps during the period from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible any person on the highway at a distance of 200 feet ahead. Defendants contend that plaintiff's failure to properly equip his automobile with lights of the power required by law constituted negligence. There was received in evidence over the objection of the defendants a certificate which recited that the lights of the plaintiff's automobile were tested by an "official auto lamp adjuster" on September 13, 1929, and were found to comply with the provisions of the Uniform Motor Vehicle Act. The plaintiff testified that he did not have the lights changed after they were tested, and, so far as he knew, they were in the same condition as when they were tested. Counsel did not ask the plaintiff if the headlights of his automobile produced a driving light sufficient to render clearly visible a person 200 feet ahead under the conditions mentioned in section 50 above mentioned; the witness was interrogated with reference to sighting objects upon the highway. But, conceding that plaintiff's testimony established a violation of the headlight statute, it would not follow as a matter of law that plaintiff had no right to recover. A plaintiff's violation of a statute is not as a matter of law negligence. Descombaz v. Klock (S. D.) 235 N. W. 502. It must appear that the unlawful act was the cause of, or contributed to, the injury. The partial obstruction of plaintiff's vision by the approaching truck and the rate of speed at which plaintiff was traveling at the time of the accident are circumstances which must be considered in determining plaintiff's negligence. We cannot say, therefore, that the injury was caused by plaintiff's failure to equip his automobile with headlights of sufficient power to comply with the Uniform Motor Vehicle Act. Upon the record it was for the jury to determine if the plaintiff had been in fact negligent.

Defendants complain of certain instructions given by the trial court and the refusal of instructions requested. We have exam-

ined the assignments of error pertaining to the instructions, and find no prejudicial error.

The judgment and order appealed from are affirmed.

POLLEY, P. J., and CAMPBELL, WARREN, and RUDOLPH, JJ., concur.