HARVISON, et al, Respondents, v. HERRICK, Appellant.

(248 N. W. 205.)

(File No. 7235.   Opinion filed April 24, 1933.)

*Fellows & Fellows,* of Mitchell, for Appellant.
*Morgan & Eastman,* of Mitchell, for Respondents.

CAMPBELL, J.   On August 12, 1928, plaintiffs were the joint owners of a Curtiss JN4D biplane which they had recently rebuilt and assembled at the home of one of the plaintiffs in White Lake, S. D.   They desired to fly the plane from a field about two miles north and one mile east of White Lake, and shortly before sundown on the day in question they undertook to move the plane upon and along the public highways to the field from which they expected to fly it.   They lifted the tail of the plane into the rear seat of a Ford touring car and started out along the road, driving the Ford in the usual manner, the plane running upon its own landing wheels and following tail foremost behind the Ford, its wing surfaces extending laterally across the highway.   The span of the upper wing surface was approximately forty-four feet and of the lower wing surface approximately thirty-five feet.   In the position in which the plane was being drawn the lower wing surface

extended across the highway approximately two and one-half feet from the ground and the gap was approximately five feet, making the upper wing surface about seven and one-half feet from the ground. The plaintiff Baumgardner was driving the car, and plaintiff Harvison and several others were assisting. The road upon which plaintiffs were towing the plane north was an ordinary twenty-four foot graded highway and the span of the wings overhung the ditches on each side so that it was impossible for the towed plane and an approaching car to pass unless the car pulled into a side road and permitted the plane to go by, or unless the tail of the plane was taken out of the Ford and swung around ninety degrees to bring the wing span parallel with the road instead of across it. Plaintiff Harvison carried a white flag about a yard square, and when the approach of a car was observed he would go ahead, flag the car down, request the driver to stop, and make such arrangements as the situation might demand at the moment for the passing. In the first mile north from the city of White Lake plaintiffs met several cars and passing was arranged for all of them without difficulty or incident. When they had reached a point about a mile and three-quarters beyond the town of White Lake, plaintiffs saw an automobile (which was later ascertained to be owned and driven by the defendant) approaching from the north. It was a mile or more distant when first observed. The Ford car drawing the plane was stopped and Harvison went on ahead with his white flag. He was approximately two blocks in advance of the Ford and the plane when defendant's car reached him. He waved his flag and called out and endeavored to stop the car but was unsuccessful in doing so. One Ellis, another member of the party with the plane, had also advanced some little distance ahead of the plane and was about halfway between Harvison and the plane. He too endevored to stop defendant, but was equally unsuccessful. Defendant, apparently paying no attention to the efforts of either Harvison or Ellis, continued south and drove head-on, at a rate of some fifteen to twenty-five miles per hour, into the right wing surfaces of the plane which extended across the road behind the Ford car.

Thereafter plaintiffs instituted this action against defendant seeking to recover from him the amount of the damage thus done to their airplane. The case was tried to a jury, and verdict and

judgment were for the plaintiffs in the sum of $500 and costs, docketed in April, 1930. From this judgment and from an order denying his application for new trial, defendant, on March 18, 1931, appealed to this court. The time for filing briefs on appeal was extended on fifteen different occasions by stipulation of counsel and the matter has been but recently submitted to this court.

There was some conflict in the testimony as to just how dark it was at the time the accident occurred, as to whether or not the appellant was negligent, and as to whether or not respondents were contributorily negligent. All these conflicts, however, have been resolved in favor of respondents by the verdict of the jury, whereby it was held in substance, that respondents were proceeding with the enterprise in which they were engaged with due care and caution; that the appellant was negligent; and that his lack of care was the proximate and effective cause of the collision. Appellant challenges the sufficiency of the evidence to support the verdict. To recite the testimony in detail would serve no useful purpose. We have carefully examined the record, and it is our opinion that the verdict of the jury finds ample support in the testimony received.

There remains in this case therefore but a single question, and that, one of law. Section 4309, Rev. Code 1919, reads in part as follows: "Every person who shall, without authority, knowingly and wilfully obstruct * * * any public highway * * * shall be deemed guilty of a misdemeanor * * * and shall be liable for all damages to persons or property by reason of the same." There was in force at the time of the accident here involved chapter 141, Laws 1927, providing in part as follows: "Section 3. Whenever it shall be necessary to transport a single article which cannot be divided and which exceeds the width of ninety-six inches * * * over any public highway, the same shall be transported only after the issuance of a special written permit for a single trip, to be issued by the county highway superintendent charged with the maintenance of the highway over which such transportation is to be had." Section 7 provides:

"Any person or persons who shall violate any of the provisions of this act or shall fail to comply therewith shall be deemed guilty of a misdemeanor."

Admittedly, the wing surfaces of the airplane as it was being moved along the highway by respondents extended over and obstructed the entire width of the highway. It is also admitted that respondents did not apply for or receive any permit for the trip from the county highway superintendent. Appellant maintains that, under these circumstances, the transportation of the airplane along the highway was unlawful and constituted a misdemeanor. Appellant claims that this violation of statute by respondents proximately caused, or at least contributed to, the accident; that it constitued negligence per se and is sufficient to bar respondents from recovery, notwithstanding the fact that appellant may have been negligent and notwithstanding the fact that respondents may not have been otherwise negligent with respect to the manner or method whereby they were conducting the enterprise in which they were engaged.

■ ■ This court has previously announced the doctrine that mere violation of a statute by a plaintiff does not, without more (conceding that it may for some purposes be deemed negligence), prevent such plaintiff from recovering damages suffered by him at the hands of a negligent defendant unless the plaintiff's violation of statute in some manner contributed as part of the proximate cause of the damage. Descombaz v. Klock (1931) 58 S. D. 173, 235 N. W. 502; Dwyer v. Peters (1931) 58 S. D. 357, 236 N. W. 301. It seems to us quite plain that the movement of the airplane in question upon and along the highway was not an unlawful obstruction of such highway absolutely and in all events prohibited by law within the meaning of section 4309, R. C. 1919. Cf. Bruening v. Miller (1930) 57 S. D. 58, 230 N. W. 754. The law violation of which respondents were guilty in the instant case consisted, not in having the airplane in question upon the public highway, but in having the same thereon without previously procuring a permit from the county highway superintendent. Had they secured such permit, respondents, doing the identical acts that they were doing, would have been guilty of no violation of law. Respondents might have been proceeding exactly as they were proceeding, save only that one of respondents might have had in his pocket a permit from the highway superintendent. While the presence or absence of such permit might color the conduct of respondents, rendering the same lawful in the one case and unlawful in the other, it is difficult to see how the presence or absence of such per-

mit could in any wise contribute a factor of causation to the collision between appellant's automobile and the airplane. Respondents, doing without negligence (although unlawfully) what they might lawfully have done had they secured the permit contemplated by statute, do not thereby become outlaws bound to suffer without complaint or protest damage inflicted (as the jury was justified in finding) by the negligence of appellant; respondents being in the exercise of due care. The situation seems to us entirely analogous to the operation of an unlicensed automobile upon the highway. The operator, of course, violates the law by operating the machine without previously procuring the statutory license. Nevertheless it is the clear general rule and the very great weight of authority that such operator is not thereby precluded from recovering damages for injury suffered at the hands of a negligent third person unless it affirmatively appears that the lack of the license had a causal connection with the injury. See cases collected in annotations 16 A. L. R. 1108; 35 A. L. R. 62; 38 A. L. R. 1038; 43 A. L. R. 1153; 54 A. L. R. 374; 58 A. L. R. 532; 61 A. L. R. 1190; 78 A. L. R. 1028.

Appellant seeks to invoke the doctrine of "last clear chance." We have recently had occasion to reiterate that this doctrine, properly speaking, is not susceptible of employment for exoneration of a party defendant. Wolff v. Stenger (1931) 59 S. D. 231, 239 N. W. 181. Appellant suggests that respondents after seeing the peril of appellant could have avoided the accident but for the effects of their own negligence. This is not true in any respect excepting upon the assumption that it was actionable negligence per se for respondents to have this airplane upon the highway without previously procuring a permit, which view we are unwilling to adopt, as we have set out above.

We believe the record supports the verdict and judgment rendered in the court below, and we find no error.

The judgment and order appealed from are consequently affirmed.

All the Judges concur.