ZELLER, Respondent, v. PIKOVSKY, Appellant

(278 N. W. 174)

(File No. 8078. Opinion filed March 7, 1938.)

*Williamson & Williamson,* of Aberdeen, and *Churchill & Benson,* of Huron, for Appellant.

*George H. Fletcher* and *Frank L. Sieh,* both of Aberdeen, for Respondent.

ROBERTS, P.J. Plaintiff brought this action to recover damages for personal injuries and for property damage which he claims were caused by the negligence of the defendant. The verdict of the jury was for the plaintiff and judgment was entered thereon. A motion for new trial was overruled, and defendant appeals.

On March 4, 1935, at about 3 o'clock in the afternoon, plaintiff was driving his Ford sedan west on Highway No. 10 near Lake City. Defendant was operating a truck, traveling east. The automobile in which plaintiff was riding collided with defendant's truck. The grounds of negligence alleged are that the defendant was driving on the left or wrong side of the highway and that he failed to keep a proper lookout for approaching vehicles.

The testimony is conflicting. Plaintiff testified: "When I first saw this truck, he was coming over the top of a hill. He was traveling east, toward me. When I saw him coming, I took my foot off the throttle and slowed up. He did not get over on his side of the road at all. He kept right on coming. Then I looked in the ditch and that was deep and rocky, and I reached for the door and tried to dodge him so he wouldn't hit me, and I had my foot on the running board and the door of the automobile hit me on the head." Defendant testified that when he saw the car approaching from the opposite direction he turned to the right and was on his right-hand side of the highway when the collision occurred; that defendant turned to the left and struck the left side of the truck.

■ Defendant contends that plaintiff was negligent as a matter of law because he did not sound his horn or stop his car after having observed defendant's truck approaching him on the wrong side of the highway and in turning his car to the left. In determining this question we do not consider conflicting evidence, but view the evidence in the light most favorable to the plaintiff. Viewing the evidence as this rule requires, we find that the record discloses that the day was foggy and the visibility at times was limited. While driving at about 20 miles an hour on the extreme right of the highway, plaintiff approaching a hill saw defendant's truck coming over the crest of the hill. Defendant was driving on his left-hand or wrong side of the highway. Plaintiff lessened his speed, looked to the right, and was unable by reason of obstructions to turn into the ditch along the highway. Shortly before the collision defendant turned his truck to the right and plaintiff swerved to the left. The right front wheel of plaintiff's car collided with the left front wheel of defendant's truck and the front of plaintiff's car was thrust by the impact to the southeast over the middle of the highway.

Section 12, c. 251, Laws 1929, provides: "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible."

■ Plaintiff was driving on the extreme right of the highway and was in a situation where it was impossible on account of the condition of the ditch to his right to turn any further in that

direction. Under these circumstances the statute did not impose upon him the duty to turn further to the right to avoid collision. It seems to be the contention of the defendant that a person meeting a car coming from the opposite direction is never justified in turning to the left instead of to the right. It seems clear to us that the plaintiff had the right to assume that the defendant would control his truck in obedience to the law of the road and that his failure to comply gave rise to an emergency in which the plaintiff was required to act instantly. He was confronted with a situation of imminent danger requiring instant action and acting in an emergency not created by his own antecedent negligence was not guilty of negligence if he made such a choice as a person of ordinary prudence placed in such a position might make even though he did not make the wisest choice. Campbell v. Jackson, 65 S. D. 154, 272 N. W. 293. If a duty on the part of a plaintiff on his proper side of the highway to sound his horn or to stop his car existed, clearly it did not arise until he discovered that defendant did not intend to turn to the right. The evidence does not show that plaintiff knew in sufficient time or should have known that defendant would not control his truck in obedience to the law to permit plaintiff to take these precautions. The evidence does not impel the conclusion that plaintiff was negligent as a matter of law.

Defendant also contends that the court erred in its refusal to instruct the jury as follows: "You are further instructed as a matter of law that it is not negligence to drive a motor vehicle upon the left side of the highway where the view of the operator of such motor vehicle is not obstructed and when there are not other vehicles approaching from the opposite direction. If you find from the evidence in this case that the defendant Hyman Pikovsky did for a period of time prior to the accident drive his truck upon the north side of the highway, or upon the center of the highway, but that at a distance of 150 feet prior to the point of collision he turned his truck to the right, or south side of the highway, then and in that case I charge you that the defendant Pikovsky was not guilty of negligence." The trial court properly instructed the jury as to the statute requiring drivers proceeding in opposite directions to pass to the right and to yield at least one-half of the main-traveled portion of the highway, and further instructed the jury that if they found from the evidence that plaintiff suffered

injury or damage to his person or property as a result of the failure of the defendant to comply with this statute, and if they further found that injury or damage was not contributed to by the negligence of the plaintiff, then the jury should return a verdict for the plaintiff. While it is the settled law in this state that the mere violation of a statute does not of itself support an action for damages, it is also the settled law that where such a violation is the proximate cause of the injury a right of action accrues. Descombaz v. Klock, 58 S. D. 173, 235 N. W. 502; Dwyer v. Peters, 58 S. D. 357, 236 N. W. 301; Harvison v. Herrick, 61 S. D. 245, 248 N. W. 205. Construing the instructions as a whole, we believe that it was made clear to the jury that any negligence on the part of the defendant arising from driving on the left-hand side of the highway must have been the proximate cause of the injury before the jury could find against him and that a mere violation of the statute was not sufficient to permit a recovery and that no prejudice resulted from the refusal of the court to give the requested instruction.

The judgment and order appealed from are affirmed.

POLLEY, WARREN, and RUDOLPH, JJ., concur.

SMITH, J., disqualified, and not sitting.