ALBERS, Appellant v. OTTENBACHER, Respondent

(116 N.W.2d 529)

(File No. 9939. Opinion filed August 13, 1962)

**Roswell Bottum and Burnell H. Hendricksen,** Rapid City, for Plaintiff and Appellant.

**Hanley, Costello & Porter,** Rapid City, for Defendant and Respondent.

ROBERTS, J.   Plaintiff appeals from a judgment following a verdict for the defendant in an action to recover damages for personal injuries sustained by plaintiff when the car he was operating, while stopped in compliance with a traffic signal, was struck in the rear by a car driven by the defendant.

The principal ground urged by plaintiff for reversal is that the court erred in submitting to the jury the issue of the liability of the defendant. Plaintiff contends that the only verdict possible under the law was one in his favor and that the court should have directed a verdict for him on the issue of negligence leaving only the question for the jury of the amount of the damages; that inasmuch as the evidence showed without dispute that the brakes on defendant's car were not in working order at the time of the accident as required by statute defendant was guilty of negligence as a matter of law.

The evidence discloses that on February 20, 1960, at about 8:00 o'clock a.m., while plaintiff was driving his car in a southerly direction on East Boulevard in Rapid City he brought it to a stop at an intersection in obedience to a traffic light. At the place of the accident, East Boulevard is a four-lane street. Plaintiff stopped his car at a distance of four to ten feet behind the car that had stopped immediately ahead of him. He remained in that position with his foot on the brake pedal for a few seconds when his car was struck from the rear by a car driven by defendant. Plaintiff had a conversation with defendant immediately after the accident wherein he said "I guess my brakes didn't hold."

Defendant testified that he had experienced no difficulty with his brakes and in the short distance from his place of residence to the scene of the accident he had no occasion to use his brakes until his attempted stop to avoid the accident; that he started to slow his speed when he saw the light change at the intersection; that he removed his foot from the gas and eased up behind plaintiff's car ready to apply his brakes; and that he did not use his

emergency brake because there wasn't time and was too close to the Albers car to turn either to the right or left to avoid the collision. Concerning the details of the accident and condition of his brakes defendant called and examined as an adverse witness testified: "Q. So that when Mr. Albers stopped for that stop light behind the car immediately in front of him you were about 36 feet behind him, were you? A. Yes. Q. And then you applied your brakes, did you? A. Yes. Q. And you say your brake didn't work? A. Yes. Q. Is that what you're telling us? A. Yes. Q. What else did you do after you applied your brake? A. I pumped it a couple of times. Q. And it didn't work you say? A. That's right. Q. What else did you do if anything? A. Nothing. Q. Nothing at all. There was an emergency brake on that car, wasn't there? A. Yes. Q. You didn't reach to pull that on, did you? A. No. * * *Q. So just that one time, you want us to believe * * *that your brakes suddenly failed to operate. A. Yes. * * * Q. You fixed it yourself later, didn't you? A. Yes. Q. You didn't take it to an automobile mechanic to have it fixed, did you? A. No. Q. And when you fixed it * * all you did was put some fluid in the cylinder, wasn't it? A. Yes. Q. Now do you mean to tell us that never before had you had to pump your brakes to make them take hold? A. Never. Q. When it was short of fluid as you found it to be, is that it? A. That's right."

SDC 44.0346 provides in part as follows:

"Every motor vehicle, other than a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and to hold such vehicle including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels; if these two separate means of applying the brakes are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes

on at least two wheels. * * * All brakes shall be maintained in good working order and shall conform to regulations set forth in this section."

Defendant was required by the provisions of this statute to have his car equipped with brakes adequate to control the movement of and to stop and hold the vehicle and maintained in good working order. Defendant admittedly was operating his car with defective foot brakes and in violation of the statute. The question presented is whether the violation by defendant of the statute containing specific requirements as to brakes constituted negligence as a matter of law or whether the jury under the facts and circumstances could find that defendant was not negligent.

■ Negligence is the breach of a legal duty. It is immaterial whether the duty is one imposed by the rule of the common law requiring the exercise of ordinary care or skill not to injure another, or is imposed by a statute designed for the benefit of a class of persons which includes the one claiming to have been injured as the result of nonperformance of the statutory duty. The measure of legal duty in the one case is to be determined upon common law principles, while in the other the statute fixes a standard by which the fact of negligence may be determined. With reference to the adoption of the requirements of a legislative enactment or regulation as a standard of conduct in determining liability for negligence, we have said: "The violation of a statute or ordinance, designed for the benefit of individuals, is of itself sufficient to prove such a breach of duty as will sustain an action for negligence brought by a person within the protected class if other elements of negligence concur. The statute or ordinance becomes the standard of care or the rule of the ordinarily careful and prudent person." McCleod v. Tri-State Milling Co., 71 S.D. 362, 24 N.W.2d 485. When the standard is thus fixed and its measure defined, the omission of that duty is negligence in and of itself. Descombaz v. Klock, 58 S.D. 173, 235 N.W. 502; Dwyer v. Peters, 58 S.D. 357, 236 N.W.

301; Harvison v. Herrick, 61 S.D. 245, 248 N.W. 205; Iverson v. Knorr, 68 S.D. 23, 298 N.W. 28; Robertson v. Hennrich, 72 S.D. 37, 29 N.W.2d 329; Serles v. Braun, 79 S.D. 456, 113 N.W.2d 216; see also Restatement of Law, Torts, § 286.

■ ■ Even though an act or omission involves the violation of a statute, liability therefor may be avoided by showing that under the circumstances the violation was excusable or justifiable, or as sometimes stated, an excused violation of a legislative enactment does not constitute negligence. McCleod v. Tri-State Milling Co., supra. A violation will ordinarily be excused where a person confronted with an emergency not due to his own misconduct fails to comply and in the emergency does or attempts to do what any reasonably prudent person would have done under the same or similar circumstances. Zeller v. Pikovsky, 66 S.D. 71, 278 N.W. 174, illustrates application of the rule. In that case the driver of an automobile observing a truck approaching from the opposite direction on the left side of the highway and unable by reason of obstructions to turn to the right swerved his car to the left in an attempt to avoid a collision. This court held that while the law required the driver to keep to the right upon meeting another vehicle he could not be held under the circumstances guilty of negligence. The rule of excusable violation has been recognized where an automobile skids across the center line of the highway without fault on the part of the driver and collides with an approaching vehicle. Vaughn v. Payne, 75 S.D. 292, 63 N.W. 2d 798. The court in Florke v. Peterson, 245 Iowa 1031, 65 N.W.2d 372, lists four categories of excusable violations of traffic regulations: (1) anything that would make compliance with the statute impossible; (2) anything over which the driver has no control which places his car in a position violative of the statute; (3) an emergency not of the driver's own making by reason of which he fails to observe the statute; and (4) an excuse specifically provided by statute. See also, 65 C.J.S. Negligence § 19h; Blashfield's Cyclopedia, Automobile Law and Practice, Perm. Ed., Vol. 4, § 2682 et seq.; Herman v. Sladofsky, 301 Mass.

534, 17 N.E.2d 879; McAleavy v. Lowe, 259 Wis. 463, 49 N.W.2d 487; Bush v. Harvey Transfer Co., 146 Ohio St. 657, 67 N.E.2d 851.

The author of the annotation in 170 A.L.R. 611, dealing with the effect of defective brakes on liability for injury, at page 661 concludes: "The rule supported by the weight of authority is that the violation by the driver of a statute or ordinance containing specific requirements as to brakes is negligence per se, which, if a proximate cause of the injury complained of, will constitute a cause of action against the violator, or preclude recovery of damages for such injury by him."

██ ██ It may thus be said that when the driver or owner of a motor vehicle violates the specific regulations as to brakes contained in section 44.0346, supra, he is guilty of negligence as a matter of law unless it appears that compliance was excusable because of circumstances resulting from causes beyond his control and not produced by his own misconduct. Evidence of due care does not furnish an excuse or justification. The court in Bush v. Harvey Transfer Company, supra, points out the difference: "Since the failure to comply with * * * a safety statute constitutes negligence per se, a party guilty of the violation of such statute cannot excuse himself from compliance by showing that 'he did or attempted to do what any reasonably prudent person would have done under the same or similar circumstances.' A legal excuse * * * must be something that would make it impossible to comply with the statute". To the same effect are Florke v. Peterson, supra; Gallichotte v. California Mutual Building & Loan Ass'n, 4 Cal.App.2d 503, 41 P.2d 349.

Defendant relies in particular upon Frager v. Tomlinson, 74 S.D. 607, 57 N.W.2d 618, which is quoted with approval in Hullander v. McIntyre, 78 S.D. 453, 104 N.W.2d 40. Being of the opinion that the Frager case is unsound in principle and contrary to earlier decisions of this court, we disapprove and overrule it in so far as it holds that violation of a standard of duty fixed by a safety statute is only prima facie evidence that may be over-

come by evidence of due care. We recognize that in some jurisdictions there are decisions holding that violations of certain statutes are regarded as some evidence of negligence to be weighed by the jury. For discussion of diversity of opinion as to the effect of violation of a statute in negligence actions see Thayer, Public Wrongs and Private Actions, 27 Harv.L.Rev. 317; Sherman and Redfield on Negligence, §§ 11, 12; Prosser on Torts, § 34. When as in the instant case the legislature has fixed a positive standard, "jurors have no dispensing power" to relax it, as observed by the court in Martin v. Herzog, 228 N.Y. 164, 126 N.E. 814 (per Cardozo, J.). Under the decisions of this court above cited holding that a nonexcused violation is negligence in itself, there is no basis for concluding that a violation is only prima facie evidence of negligence which the jury may accept or reject. Defendant may, of course, defend on the grounds that he was not guilty of any act or omission which breached the duty or that there was a breach under facts and circumstances excusing a violation.

The evidence as stated above shows conclusively that defendant operated his car in violation of the statute. He contends that it was for the jury to determine whether he knew or should have known that his brakes did not function properly as he approached the intersection. Defendant relies on decisions holding that failure of brakes to operate properly makes only a prima facie case. Even applying such construction, the court in Sothoron v. West, 180 Md. 539, 26 A.2d 16, held an operator of an automobile liable for injuries caused by unforeseen failure of his brakes to operate. The court in the course of its opinion reversing a judgment for the defendant said: "We do not think the appellee is excused. This is not the case of a latent defect which could not have been discovered. A person driving a strange car for the first time owes a duty to the public to see that there are no obvious defects in its mechanism which are apt to cause injury to others. Defective brakes are obvious, because they can be detected by the simple pressure of a foot. The test is so simple that anyone can make it. If

such a test shows the brakes in working order, and then they suddenly fail, the driver may not be liable for negligence in driving with them. If no test is made, if the brakes are not even tried, the driver cannot rely upon a presumption that the machine is safe. He will not then be excused from liability for the destruction he may cause upon the public highway, because he did not know his brakes were bad."

In Nettleton v. James, 212 Or. 375, 319 P. 2d 879, plaintiff was injured when the automobile he was driving was struck from the rear by a truck driven by the defendant. Failure to stop was attributed to loss of braking power resulting from an open valve. The court recognizing that violation of a statute containing specific regulations as to brakes is negligence per se said: "We think that it is one thing to say that a driver who, without fault on his part, skids over to the left side of the road has not violated the law which requires motorists to keep to the right * * *; but quite a different thing to hold that, when the legislature declared that motor vehicles must be equipped with two sets of adequate brakes which shall be maintained in good working order, the statute was only intended to apply if the driver did not know, or had no reason to believe, that his brakes were defective. * * *The uncontradicted evidence is that the brakes on the truck failed because of an open valve. It is immaterial, in our view of the law, whether it was open because of the negligence of the defendant James or from some other cause. In either case the statute was violated and the plaintiff was entitled to an instruction to that effect."

■ The evidence as viewed most favorably to the defendant was not sufficient to make a question of legal excuse one of fact for the jury. The violation of the statute without legal excuse constituted negligence in itself and the court erred in submitting an issue of negligence to the jury.

The judgment appealed from is reversed.

All the Judges concur.