910 F.2d 497
 ESTATE OF C.M. LARGENT, III, Deceased, and Bobbie F.
Largent, individually on her own behalf and as
Executrix for the Estate of C.M.
Largent, III, Deceased, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 89-5326.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 17, 1990.
Decided Aug. 6, 1990.
 
 Edward C. Carpenter, Rapid City, S.D., for appellants.
 Robert J. Gross, Washington, D.C., for appellee.
 Before McMILLIAN, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and ARNOLD, Circuit Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 The estate of Charles M. Largent III brought this negligence action against the United States under the Federal Tort Claims Act seeking damages resulting from the failure of two Flight Service Station (FSS) Specialists to warn Largent about icing conditions on the morning of his flight from Hot Springs, South Dakota, to Modesto, California. Largent and three passengers were killed when his private plane crashed shortly after takeoff from the Hot Springs airport in the early morning of February 13, 1980. On remand from this court's decision in Norwest Capital Management & Trust Co. v. United States, 828 F.2d 1330 (8th Cir.1987) (Largent I ), the district court[1] found that Largent's negligence was more than slight compared to the combined negligence of the two FSS Specialists. Because South Dakota's comparative negligence statute bars recovery when a plaintiff's contributory negligence is greater than slight compared to the negligence of the defendant, the district court entered judgment in favor of the United States. S.D. Codified Laws Ann. Sec. 20-9-2 (1987). Largent's estate appeals. We affirm.
 
 PROCEDURAL HISTORY
 
 2
 This is the third appeal taken in this case. After a bench trial, the district court found that only one of the FSS Specialists, Charles Shields, was negligent for failing to inform Largent of the icing conditions. The court nevertheless entered judgment in favor of the United States on the ground that icing was not the cause of the crash. Alternatively, the district court found that even if icing had caused the crash, Largent was contributorily negligent and his negligence was more than slight in comparison to the negligence of Shields thus barring recovery under South Dakota's comparative negligence statute. S.D. Codified Laws Ann. Sec. 20-9-2. On appeal, we reversed the district court's findings that FSS Specialist Paul Kasen was not negligent and that icing did not cause the crash, and remanded so the district court could determine whether Largent's negligence was more than slight compared to the combined negligence of both Shields and Kasen. Largent I, 828 F.2d at 1345.
 
 
 3
 On remand, the district court erroneously interpreted our statement in Largent I that the defendants were "grossly" negligent as requiring a finding that Largent's negligence was not more than slight and entered judgment in favor of Largent's estate. See id. at 1333. The United States appealed, and we remanded again with instructions that the district court make an independent determination as to whether Largent's negligence was more than slight compared to the combined negligence of the two FSS Specialists. On the second remand, the district court found that Largent's negligence was more than slight compared to the combined negligence of Shields and Kasen and accordingly entered judgment in favor of the United States. Estate of Largent v. United States, No. 83-5020 (D.S.D. June 2, 1989) (Estate of Largent ). Largent's estate now challenges this finding on appeal.
 
 COMPARATIVE NEGLIGENCE
 
 4
 The facts of the case are set out in detail in our opinion in Largent I, 828 F.2d at 1331, and we will not repeat them here. The focus of our inquiry is limited to the narrow issue of whether the district court's finding that Largent's negligence was more than slight compared to the negligence of the defendants is clearly erroneous. Fed.R.Civ.P. 52(a); see Anderson v. City of Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (a finding of fact may not be set aside unless the reviewing court is left with the definite and firm conviction that a mistake has been made). We hold that the district court's finding is not clearly erroneous.
 
 
 5
 As the district court correctly stated, the term "slight" in South Dakota's comparative negligence statute has been construed by the South Dakota courts to mean "small in quantum in comparison with the negligence of the defendant." Crabb v. Wade, 84 S.D. 93, 167 N.W.2d 546, 549 (1969). Whether a plaintiff's negligence is slight compared to that of the defendant is a question of fact and varies with the facts and circumstances of each case. Urban v. Wait's Supermarket, Inc., 294 N.W.2d 793, 796 (S.D.1980).
 
 
 6
 After a careful evaluation of each party's negligence, the district court found:
 
 
 7
 [I]t is ... beyond speculation that a pilot would be negligent more than slight for flying an aircraft in the early morning hours in February with light snow falling, in a fully loaded airplane carrying three other passengers without the necessary safety margin of alternative flight plans, in an airplane without proper deicing equipment, and where the airplane is to be flown without the necessary experience as required by law and as required by common sense. Therefore, the quantum of Largent's negligence in comparison with the negligence of the Defendants, Shields and Kasen, is greater than the "slight" standard as envisioned under South Dakota law.
 
 
 8
 Estate of Largent, slip op. at 9-10. The estate argues that the district court erred in considering Largent's commanding of the aircraft in conditions which required Instrument Flight Rules (IFR) without the necessary hours of IFR flight time. See 14 C.F.R. Sec. 61.57(e)(1)(i) (1988). The estate argues that Largent's lack of IFR qualifications did not in any way contribute to the cause of the crash, and therefore cannot be factored into the comparative negligence analysis.[2] The estate cites our opinion in Largent I in which we noted: "[S]uch negligence [lack of IFR qualifications] would not be a contributing cause of the accident if it was caused by airframe icing. As such, there is no need to compare the negligence per se of Largent with the negligence of the defendants." Largent I, 828 F.2d at 1336 n. 4 (citing Nugent v. Quam, 82 S.D. 583, 152 N.W.2d 371, 377 (1967) (unless the want of ordinary care by both the plaintiff and defendant is a contributing cause of the injury, there is no purpose in making a comparison)).
 
 
 9
 We agree with the estate that the district court erred in considering Largent's lack of IFR qualifications in light of our holding in Largent I that spatial disorientation did not contribute to the accident. Largent I, 828 F.2d at 1337-39. However, we will not reverse on this ground because the error was harmless. See Fed.R.Civ.P. 61. It is clear from the district court's opinion that Largent's lack of IFR proficiency was just one of several factors which convinced the court that Largent's negligence was more than slight. The district court also emphasized (1) Largent's failure to equip his aircraft with deicing equipment after he was specifically advised to do so, (2) his failure to anticipate icing conditions and to inquire about cloud ceilings and temperature aloft, and (3) his failure to plan for an alternative flight path should an emergency strike. In light of these other factors, we are convinced that the district court would have reached the same result had it not considered Largent's lack of IFR qualifications, and therefore conclude that the estate's substantial rights were not affected by the district court's error.
 
 
 10
 The judgment of the district court is hereby affirmed.
 
 
 
 *
 The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota
 
 
 [2]
 Alternatively, the estate argues that the district court's finding that Largent lacked the necessary IFR flight time is clearly erroneous. We disagree. The district court's finding is based on the testimony of Largent's instrument flight instructor, which the district court found credible, and on Largent's pilot logbook