# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CARMELLE PETIT, Individually   )
and as Administrator of the Estate   )
of JEAN PIERRE PETIT;      )   C.A. No. N23C-04-095 FJJ
MARQUIS PETIT; JULIEN PETIT;   )
and JANIQUE BAIRD      )
     Plaintiffs,     )  JURY TRIAL of 12 DEMANDED
             )
v.              )
             )
TRI-STATE WHOLESALE     )
FLOORING, LLC; and ALL     )
SURFACES, INC.       )
     Defendants.    )

Submitted: September 30, 2024
Decided: October 21, 2024

## OPINION AND ORDER
### *On Plaintiff's Motion for Partial Summary Judgment*

### DENIED

*Andrew C. Dalton, Esquire, and Bartholomew J. Dalton, Esquire,* Dalton & Associates, P.A., Cool Spring Meeting House, 1106 West Tenth Street, Wilmington, Delaware, *Attorneys for Plaintiffs.*

*W. Mark Lanier, Esquire, and Judson Waltman, Esquire*, 10940 W. Sam Houston Parkway N., Suite 100, Houston, Texas, *Of Counsels for Plaintiffs.*

*Sarah B. Cole, Esquire*, Marshall Dennehy P.C., 1007 N. Orange Street, Suite 600, Wilmington, Delaware, *Attorney for Defendants*.

**Jones, J.**

## INTRODUCTION

Carmelle Petit and her three children, Marquis Petit, Julien Petit, and Janique Baird ("Plaintiffs") filed the instant Motion for Partial Summary Judgment based on the wrongful death and survival actions accruing from their husband and father, Jean Pierre Petit's, death. Plaintiffs allege Tri-State Wholesale Flooring, LLC and All Surfaces, Inc., ("Tri-State" or "Defendants") are vicariously liable for their driver, Mark Akkerman's, negligence in allegedly striking and ultimately killing Mr. Petit while on the job. Tri-State filed a Response in Opposition, and Plaintiffs filed a Reply. This is the Court's decision on the instant Motion.

## FACTS

On the morning of June 9, 2022, at 11:54 am, Mr. Petit was allegedly hit and killed by Defendant's employee, Mark Akkerman, while operating Defendant's delivery truck on Interstate-29 ("I-29") outside of Watertown, South Dakota.[1] Mr. Petit was cycling southbound on I-29 as a portion of his planned 1,350 kilometer bike ride to raise money for his sick granddaughter.[2] On the day of the accident, Mr. Petit was wearing a helmet as well as black and gray colored gear.[3] His bike had a flashing light attached under the seat, and he was wearing a red backpack with a reflective arch and white writing.[4] Mr. Akkerman was operating a Tri-State truck in

---

[1] Docket Item ("D.I.") 104 at p.2; D.I. 107 at p.1.
[2] *Id.* at p. 3.
[3] D.I. 107 at p. 2-3.
[4] D.I. 107, Ex.1 at 65:4-10, 86:8-9.

his employment capacity at the time of the accident.[5]  He was driving southbound, the same direction as Mr. Petit, and he states that he could not see Mr. Petit leading up to and at the time of the accident.[6]

Several witnesses saw Mr. Petit cycling on or near the fog line of I-29's shoulder the morning of the accident and gave deposition testimonies expressing the concern they had when they saw Mr. Petit cycling on I-29.[7]  South Dakota Highway Patrol Sergeant Chris Linder witnessed the accident from the northbound side of I-29 and was the first to respond to the scene.  South Dakota Highway Patrol Trooper Evan Schoenefeld arrived later and prepared the accident report.[8]

## CHOICE OF LAW

The accident initiating this case occurred in South Dakota.  The parties agree that South Dakota substantive law applies to this case, and this Court will so apply it.  The general rule is to apply procedural law of the forum.[9]  In the instant case, the forum is Delaware; therefore, Delaware procedural law is applicable.

## STANDARD OF REVIEW

Superior Court Civil Rule 56(c) states a party seeking summary judgment must show "there is no genuine issue as to any material fact and that the moving

---

[5] *Id.* at 7.
[6] D.I. 107 at 107:1-6.
[7] D.I. 107, at p. 3-7.
[8] D.I. 104, at p. 3-7; D.I. 107 at p. 5-6.
[9] *Chaplake Holings, Ltd. v. Chrysler Corp.*, 766 A.2d 1, 5 (Del. 2001).

party is entitled to a judgment as a matter of law."[10]  The court views the evidence provided "in a light most favorable to the non-moving party."[11]  The initial burden is on the moving party to show there are no genuine issues of material fact.[12]  The burden then shifts to the non-moving party to show there is at least one material issue of fact in dispute.[13]  The court must consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," in determining whether there is a genuine issue as to any material fact, and the court must "accept all undisputed factual assertions and accept the nonmoving party's version of any disputed facts."[14]  However, any factual inferences made in favor of the non-moving party must be reasonable.[15]

## ANALYSIS

Under South Dakota law, there are four elements a plaintiff must prove to establish negligence: (1) duty, (2) breach of that duty, (3) proximate and factual causation, and (4) actual injury.[16]  Under negligence per se, a statute forms a duty.[17]  A person is negligent under a negligence per se theory when their violation of a statute proximately causes the injury of someone in the statute's protected class.[18]

---

[10] Del. Super. Ct. Civ. R. 56(c).
[11] *Gibson v. Metro. Grp. Prop. And Casualty Ins. Co.*, 2017 WL 5606714, at *2 (Del. Super. Nov. 15, 2017).
[12] *Id.*
[13] *Id.*
[14] *Coker v. Tenney-Andrews*, 2016 WL 6659500, at *2 (Del. Super. Nov. 10, 2016).
[15] *Smith v. Haldeman*, 2012 WL 3611895, at *1 (Del. Super. Aug. 21, 2012).
[16] *Hanson v. Big Stone Therapies, Inc.*, 916 N.W.2d 151, 158 (S.D. 2018) (citing *Hamilton v. Sommers*, 855 N.W.2d 851, 866 (S.D. 2014)).
[17] *Hendrix v. Schulte*, 736 N.W.2d 845, 847 (S.D. 2007).
[18] *Alley v. Siepman*, 214 N.W.2d 7, 9 (S.D. 1974).

The statute becomes "the standard of care or the rule of the ordinarily careful and prudent person.[19] While the existence of a duty is generally a question of law for the court, whether a party breached that duty is a question of fact for the jury.[20] In addition to breach, other matters of negligence and contributory negligence are questions of fact that should not be taken from the jury unless it is a "clear case [in which] a trial judge is justified" in doing so.[21]

*Breach of Duty is a Factual Question for the Jury.*

A person found in violation of a statute meant to protect or benefit the injured party has breached their duty of care established by that statute.[22] Liability under a duty established by statute is avoidable when the violating party shows their violation was "excusable or justified."[23] A violation is excused when the violating party is in an emergency outside of their control and not caused by their own misconduct or failure to act as a reasonably prudent person would in the same emergency.[24] The court must determine, in the light most favorable to the defendant, whether sufficient evidence exists "justify[ing] a reasonable mind in concluding [the

---

[19] *Hendrix*, 736 N.W.2d at 847.
[20] *Janis v. Nash Finch Co.,* 780 N.W.2d 497, 500, 504-05 (S.D. 2010) (reversing the lower court's grant of summary judgment because the court found the defendant-store owed the business invitee a duty of care, and whether the store breached that duty was a question of fact for the jury.)
[21] *Baddou v. Hall*, 756 N.W.3d 554, 562 (quoting *Steffen v. Schwan's Sales Enters., Inc.*, 713 N.W.2d 614, 622 (S.D. 2006)).
[22] *Id.*
[23] *Albers v. Ottenbacher*, 116 N.W.2d 529, 531 (S.D. 1962).
[24] *See, e.g., Id.* (denying to extend the question of legal excuse as a question of fact for the jury because the defendant failed to provide sufficient evidence that their failure to maintain working brakes was an excusable violation.)

defendant's] statutory violation was excused," and whether sufficient evidence warrants the question of legal excuse be submitted to the jury.[25]  There are four scenarios that excuse the violation of a safety statute:

> (1) Anything that would make compliance with the statute impossible;
> (2) Anything over which the driver has no control which place his car in a position violative of the statute;
> (3) An emergency not of the driver's own making by reason of which he fails to observe the statute; and
> (4) An excuse specifically provided by statute."[26]

Plaintiffs contend summary judgment is proper for the instant case because Mr. Akkerman breached the duty of care he owed to Mr. Petit under South Dakota Codified Laws § 32-36-26.1.  This statue provides:

> The driver of any motor vehicle overtaking a bicycle proceeding in the same direction shall allow a minimum . . . of six feet separation if the posted limit is greater than thirty-five miles per hour . . . The driver of the motor vehicle shall maintain that separation until safety past the overtaken bicycle.[27]

The Court agrees that this statute establishes a duty for Mr. Akkerman to maintain six feet of separation when he is overtaking a biker on any roadway[28] in South Dakota, and further, it is not disputed that Mr. Petit is a member of the class meant

---

[25] *Id.* at 533; *Dartt v. Berghorst*, 484 N.W.2d 891, 895-96 (S.D.1992) (holding there was insufficient evidence supporting defendant's statutory violation was due to a "sudden emergency," and, therefore, the question of legal excuse should not have been submitted to the jury.)

[26] *Dartt*, 484 N.W.2d at 896.

[27] S.D. Codified Laws § 32-36-26.1.

[28] Roadway is "portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder." S.D. Codified Laws § 32-14-1(27).

to be protected by this statute. Compliance with this statute includes a duty to maintain continuous awareness of who and what is on the road ahead. The Court in *Wilson* discusses the impact of visibility on duty. Applying a spectrum of extremes to visibility, the Court states on one end "an object is so well camouflaged as not to be discernible within the range of a driver's vision," thus excusing the driver from the duty of seeing it.[29] On the other end of the spectrum, a driver's duty is likely not excused when "lights or other devices [are] readily apparent to" the driver.[30] In the middle of the spectrum lie the scenarios in which the Court cannot determine the driver's visibility, and it is up to the jury to make the determination.[31]

The evidence does not establish a clear statutory violation by Mr. Akkerman. There is dispute over whether Mr. Akkerman was able to see Mr. Petit's bicycle leading up to and during the accident, or whether the circumstances made it impossible, thus creating a justifiable statutory violation. Mr. Akkerman gave deposition testimony that he did not see Mr. Petit's bicycle before the collision.[32] Other deposition testimonies given by witness drivers Mark Jonas, Gene Schuler, and Bradey Swenson varies on how far away they could see Mr. Petit's bicycle.[33]

---

[29] *Wilson v. Great N. Ry. Co.*, 157 N.W.2d 19, 22-23 (citing *Dwyer v. Christensen*, 75 N.W.2d 650, 654 (S.D. 1956).
[30] *Id.*
[31] *Id.*
[32] D.I. 104, Ex. 5, at 107:3-6.
[33] *See* D.I. 107, Ex. 3 at 7:6-9, 24:22-25, 25:1 (testifying that he could see J.P.'s bicycle "roughly a half a mile away," however, if the roadway had been flat where he saw J.P. he could have been him "a mile and a half ahead"); Ex. 4 at 16:2-15 (testifying that he could not see J.P. "until it [was] almost too late"); Ex. 5 at 8:2-5, 9:1-5 (testifying that he first saw J.P. when his car was "maybe 100 feet, a couple hundred feet" away).

The disputed testimonies should be considered and weighed by a jury to come to conclusions on the questions of fact presented by this case. In determining whether Mr. Akkerman breached his duty of care to Mr. Petit, a jury must decide whether they believe Mr. Akkerman was able to see Mr. Petit on his bicycle so that Mr. Akkerman could properly follow the six feet of separation statutory requirement, or whether they believe there were conditions in place that made it impossible for Mr. Akkerman to see Mr. Petit and, thus, justify a statutory violation.

*Whether Mr. Petit Was Contributorily Negligent is a Question of Fact for the Jury.*

South Dakota follows a comparative negligence theory under which a plaintiff's contributory negligence that is "slight in comparison" with the defendant's negligence does not bar the plaintiff's recovery.[34] "Slight" means "small in quantum in comparison with the negligence of the defendant."[35] Whether a plaintiff's negligence is "slight in comparison" to the defendant's negligence is a question of fact "var[ying] with the facts and circumstances of each case" to be put in front of a jury.[36]

It is well established in South Dakota case law that questions pertaining to contributory negligence are questions for the trier of fact – the jury.[37] Plaintiffs cite

---

[34] S.D. Codified Laws § 20-9-2. If applicable, the plaintiff's damages will be "reduced in proportion to the amount of the plaintiff's contributory negligence." *Id.*

[35] *Estate of He Crow by He Crow v. Jensen*, 494 N.W.2d 186, 188 (S.D. 1992) (citing *Crab v. Wade*, 167 N.W.2d 546, 549 (S.D. 1969); *Estate of Largent v. United States*, 910 F.2d 497, 499 (8th Cir. 1990)).

[36] *Estate of He Crow*, 494 N.W.2d at 188.

[37] *See Johnson v. Armfield*, 672 N.W.2d 478, 481 (S.D. 2003) ("As long as there is competent evidence to support the theory of contributory negligence, it is proper for the issue to go to the jury."); *Wood v. City of Crooks*, 559

to *Johnson v. Armfield* in which the South Dakota Supreme Court held there was not enough evidence to put contributory negligence before the jury.[38] The basis for contributory negligence was the defendant's "bare assertion" that the plaintiff must have been speeding for the accident to occur.[39] The Court noted this assertion was not supported by any evidence, expert testimony, nor a speeding citation.[40] *Johnson* differs from the case at hand because there is sufficient testimony from Defendants amounting to more than just "bare assertions" that warrants putting the contributory negligence factual questions in front of the jury. Plaintiffs' argument indicates that Mr. Petit cannot be contributorily negligent because, like the plaintiff in *Johnson*, he did not receive a citation from the accident.[41] However, receiving or paying a citation does not itself establish negligence per se.[42]

Two South Dakota statutes establish Mr. Petit's duty as a bicyclist cycling on I-29. First, § 32-20B-5 requires "any person operating a bicycle upon a roadway at less than the normal speed of traffic at the time and place and under the conditions then existing shall ride as close as practicable to the right-hand curb or edge of the

---

N.W.2d 558, 560-61 (S.D. 1997) (holding whether defendant was contributorily negligent was a question of fact for the jury, and whether defendant's contributory negligence was "more than slight" is only a question of law when the facts supporting such an assertion are "beyond dispute"); *Estate of He* Crow, 494 N.W.2d at 189-90 (holding questions surrounding contributory negligence, specifically those considering driver visibility, should be submitted to and decided by the jury).

[38] *Johnson*, 672 N.W.2d at 481-82.

[39] *Id.* at 482.

[40] *Id.*

[41] D.I. 107, at p. 12-13.

[42] *Nicolay v. Stukel*, 900 N.W.2d 71, 79 (S.D. 2017) (holding defendant paying a traffic citation does not establish negligence per se when there are still questions of defendant's reasonableness to be left to the jury).

roadway."[43]   Plaintiffs argue the material fact that "Mr. Petit was riding his bicycle near the edge of the roadway in accordance with South Dakota law" is not in dispute.[44]   However, based on Defendant's arguments and cited testimony, where Mr. Petit was riding his bicycle at the time of the accident is a fact in dispute and should be left to the jury to decide.   The deposition testimonies of witness drivers, Gene Schuler, Bradey Swenson, and Shannon Binsfeld provide that Mr. Petit was cycling on or near the fog line at the various times they witnessed him on I-29.[45] Trooper Schoenefeld's report states that, based on Sergeant Lindner's camera footage of the accident "it cannot be determined where Mr. Petit is riding his bicycle when he is struck."[46]   Trooper Schoenefeld relies on witness statements and inferences that it would be difficult for Mr. Petit to cycle over the "rumble strips" to conclude in his report that Mr. Petit was not in violation of § 32-20B-5.[47]   However, he ultimately defers the determination to the Deuel County State Attorney's office.[48]

The second relevant statute, § 32-17-25, states:

> Every bicycle shall be equipped with a lighted lamp on the front thereof visible under normal atmospheric conditions from a distance of at least three hundred feet in front of such bicycle and shall also be equipped with a reflex mirror or lamp on the rear exhibiting a yellow or red light

---

[43] S.D. Codified Laws § 32-20B-5.
[44] D.I. 104.
[45] D.I. 104, Ex. 4 at 9:1 (testifying that J.P. was "right on the fog line"); D.I 107, Ex. 5 at 10:1-3 (testifying that J.P. was "really close to the driving lane . . . if not on the line); Ex. 7 at 13:12 (testifying that J.P. was "riding on the fog line).
[46] D.I. 104, Ex. 2 at p. 3.
[47] *Id.* at p. 4-5.
[48] *Id.* at 5.

visible under like conditions from a distance of at least two hundred feet to the rear of such bicycle."[49]

According to Trooper Schoenefeld's report and Carmelle Petit's deposition testimony, Mr. Petit's bike was equipped with a battery-operated, rear light, and his backpack had a reflector around the arch.[50] However, witness drivers Mark Jonas and Gene Schuler testified that they could not see a light or mirrors on Mr. Petit's bicycle.[51]

Whether Mr. Petit was contributorily negligent based on a violation of one or both statutes, and if so, whether his negligence was slight in comparison to Mr. Akkerman's, are questions that should be left to the jury to decide after careful consideration of the evidence.

## CONCLUSION

Viewing the facts in a light most favorable to Defendants, there is a genuine dispute of material facts. There are fact questions pertaining to whether Mr. Akkerman and/or Mr. Petit breached their duties established by the relevant South Dakota statutes. These questions should be put before a jury to consider. For the stated reasons, Plaintiff's Motion for Partial Summary Judgment is **DENIED.**

**IT IS SO ORDERED** this day 21st of October, 2024.

---

[49] S.D. Codified Laws § 32-17-25.
[50] D.I. 104, Ex. 2 at p.3; D.I.107, Ex. 1 at 61:12-24, 62:1-23.
[51] D.I. 107, Ex. 3 at 16:9-21; Ex. 4 at 14:14-20.

*/s/ Francis J. Jones, Jr.*
Francis J. Jones Jr., Judge


cc:    *Original to the Prothonotary*