[No. 24141. Department One. January 5, 1933.]

R. M. MacINTYRE et al., Respondents, v. R. T. WAGGONER, Respondent, and INLAND MOTOR FREIGHT, Appellant.[1]

¹Reported in 18 P. (2d) 15.

*McCarthy & Edge, W. E. Dupuis,* and *Leo F. Wilson,* for appellant.

*Harry M. Morey,* for respondents MacIntyre.

*Danson, Lowe & Danson,* for respondent Waggoner.

PARKER, J.—The plaintiffs, MacIntyre and wife, commenced this action in the superior court for Spokane county, seeking recovery for personal injuries suffered by both of them and for injuries to their automobile, claimed as the result of the negligence of the defendant Waggoner in his driving of his automobile, and the negligence of the defendant Inland Motor Freight in its servant's driving of its freight truck. The defendant Waggoner answered, denying negligence on his part, and by cross-complaint sought recovery for personal injuries suffered by him and for injuries to his automobile, claimed as the result of the negligence of the defendant Inland Motor Freight, in its servant's driving of its truck. The Inland Motor Freight answered, denying negligence on its part, and affirmatively alleging contributory negligence on the part of the MacIntyres and Waggoner. The cause proceeded to trial in the superior court, sitting without a jury, resulting in findings and judgment awarding to MacIntyre and wife and to Waggoner recovery against the Inland Motor Freight, from which judgment it has appealed to this court.

While MacIntyre and wife were denied recovery as against Waggoner, they have not appealed therefrom to this court. Indeed, the controversy became in the superior court, as it is in this court, but a controversy on the part of the MacIntyres and Waggoner against the Inland Motor Freight. The arguments of counsel are addressed to the question of negligence of the Inland Motor Freight as the proximate cause of the accident, and to the question of contributory negligence of Wag-

goner as a contributing cause of the accident. There is thus presented to us only these inquiries as questions of fact. It is conceded that there was no negligence on the part of the MacIntyres.

The controlling facts, as the evidence warranted the trial judge in viewing them, we think, may be sufficiently summarized as follows:

The accident in question occurred on the Sunset highway at a point some twenty-five miles west of Spokane, where that highway runs east and west. At that point, and for a long distance east and west therefrom, the highway was improved with a hard surface pavement eighteen feet wide, having an earth shoulder on each side thereof between four and five feet wide, the outer edge of the north shoulder being several feet above the level of the adjoining ground.

At about three o'clock in the afternoon in question, a large motor truck, eight feet wide, belonging to the Inland Motor Freight, was being driven by its servant east along the highway at a speed of approximately twenty-five miles per hour. At the same time, MacIntyre and his wife were following the truck between fifty and one hundred feet to the rear thereof, in their Pontiac coach automobile, at a speed of approximately twenty-five miles per hour, he driving. At the same time, Waggoner was driving west on the highway in his Nash sedan automobile, approaching the truck at a speed of approximately twenty-five miles per hour.

It was then snowing, and there had accumulated two or three inches of fresh, wet snow on the ground and pavement, but not in such a quantity but that the edges of the pavement were readily discernible; that is, the edges between the pavement and the earth shoulders were discernible, showing clearly the width and location

of the pavement. The surface of the earth shoulders was slightly lower than the surface of the pavement.

As the Waggoner car approached the truck from the east, Waggoner noticed that the truck was proceeding east approximately along the center of the pavement, encroaching upon the north half thereof some four or five feet, upon which Waggoner was driving, as was his right and duty under the law of the road. The driver of the truck did not, in response to Waggoner's sounding of his horn, turn to the south half of the pavement, as was his duty, as Waggoner supposed he would do. So, to avoid collision with the truck, Waggoner was forced to suddenly turn to his right and proceed past the truck with his right wheels off the pavement on the earth shoulder.

Waggoner, immediately upon passing the truck, turned his car to the left with a view of again proceeding along the north half of the pavement, as was his right. At that point, his speed had been considerably reduced. As he so turned his car, it skidded, evidently by reason of the fact that his right rear tire failed to readily mount the edge of the pavement. The rear of his car skidded to the right, throwing the front of his car to the left, that is, to the south, where it came to rest across the south half of the pavement, facing directly south and in the path of the oncoming car of MacIntyre and wife.

The Waggoner car coming to rest across the path so suddenly, without MacIntyre having any cause to anticipate such an occurrence, he was unable to stop, and the collision ensued between the MacIntyre and Waggoner cars, causing the injuries here in question for which the trial court awarded recovery against the Inland Motor Freight; the trial court finding that the negligence of the driver of the Inland Motor

Freight truck was the sole, proximate cause of the accident and the resulting injuries, and that there was no negligence on the part of either the MacIntyres or Waggoner contributing thereto.

There is little room for argument, as we view the facts, that the driver of the truck was not negligent in occupying a considerable portion of the north half of the pavement at the time the Waggoner car passed the truck, or that Waggoner was not thereby compelled to drive off the pavement to avoid collision with the truck. There is some room for argument that the manner of Waggoner's driving his car back onto the pavement immediately after passing the truck and the resulting accident was not the proximate result of the negligence of the driver of the truck; this upon the theory that the negligence of the driver of the truck had then ceased.

We are of the opinion, however, that the trial court was warranted in holding that Waggoner's driving back upon the pavement and the resulting accident, in view of these following so quickly and being so connected with the negligence of the driver of the truck, constituted a direct chain of events resulting from the original negligence of the driver of the truck, and that such negligence should be regarded as the cause of the accident. We are also of the opinion that the trial judge did not err in finding Waggoner free from contributory negligence. Under all the circumstances, we do not feel warranted in the holding that the judgment is not supported by a preponderance of the evidence.

The judgment is affirmed.

Tolman, C. J., Mitchell, Millard, and Steinert, JJ., concur.