DIPPERT, Appellant, v. SOHL et al., Respondents

(51 N. W.2d 699)

(File No. 9271. Opinion filed February 4, 1952)

**Stephens & Riter** and **Eugene D. Mayer,** all of Pierre, for Plaintiff and Appellant.

**M. Q. Sharpe,** Kennebec, **Donald D. Perry,** Mobridge, for Defendant and third party Plaintiff and Respondent.

RUDOLPH, J. Plaintiff, Emma Dippert, brought this action against the defendant, John Sohl, to recover damages she alleged to have sustained when the car in which she was riding struck the rear of defendant's car. Ed Dippert, the

husband of the plaintiff and the driver of the automobile in which she was riding, was brought into the action as a party defendant. At the close of plaintiff's testimony the trial court directed a verdict against her and she has appealed. The question presented is whether under the evidence the trial court was correct in directing the verdict.

■ The court having directed a verdict in favor of the defendant the facts will be reviewed in their light most favorable to the plaintiff. The accident occurred on U. S. Highway No. 16, about 10 miles west from Chamberlain. This is a blacktop highway, the width of the blacktop being 24 feet and shoulders extending 10 feet on each side beyond the blacktop. The accident occurred after noon on a day in November when it was snowing and weather conditions were described as a storm. The highway was covered with snow and ice in spots and driving was hazardous. The driver of the car in which plaintiff was riding had some time before the accident observed defendant's car some distance ahead of him. He followed this car at least for several miles and was travelling at a rate of speed approximately 20 miles an hour. The happening of the accident can best be described in the words of Dippert. He testified:

"A. Well, we were travelling along about twenty miles and I was keeping what I call a reasonable distance between him and I, about thirty-five or forty yards, or twice. the length of this courthouse, about that, about that distance back of it, and all at once I noticed him stopping—or slacking, and the very instant that he slacked he stopped—he come to a little dry spot where there was a little gravel and he stopped right dead still on it.

"Q. Did his car stop on the blacktop? A. Yes, right on the driveway.

"Q. Right in the regular lane of traffic? A. Right in the regular lane of traffic.

"Q. Did he make any signals? A. He did not. ·

"Q. Put his hand out or do anything at all to notify you or anyone else that he was coming to a stop? A. He did not. * * *

"Q. When you saw that he was stopped or stopping, what did you do? A. What did I do?

"Q. Yes. A. Applied my horn and tried to turn my car and it was icy and my car swept straight ahead and didn't turn.

"Q. Did you apply your brakes? A. I did apply my brakes and that is what locked my wheels, I think. I applied my brakes and slid straight ahead."

Defendant had testified that he was stopping his car to clean the windshield and remove the snow from the windshield wipers. It further appears from the testimony that the impact must have come contemporaneously with the final stopping of defendant's car because defendant was still in his car at the time of the impact. Plaintiff further testified that he observed no light or other mechanical signalling device indicating that the defendant was going to stop.

We believe the trial court erred in directing a verdict. SDC 44.0317 provides: "The driver of any vehicle upon a highway before starting, stopping, or turning from a direct line shall first see that such movement can be made in safety * * * and whenever the operation of any other vehicle may be affected by such movement shall give a signal as required in this section plainly visible to the driver of such other vehicle of the intention to make such movement."

In response to the question, have you got a mirror in the car, defendant answered "Yes I have, but I couldn't see nothing." From this testimony a jury could conclude that defendant did not know whether a car was following him, or if anyone was following him, the distance between the cars. A jury could further reasonably find that defendant stopped his car on the main portion of the travelled highway without giving a signal of any kind. Should a jury find that defendant stopped without determining that he could do so in safety and without giving a signal of his intention to stop there would be a clear violation of the statutory requirements, and negligence.

■ Under the facts presented by this record this court cannot say as a matter of law that defendant's acts were not the proximate cause or a concurring proximate cause of the collision. Even conceding that the driver of the car in which plaintiff was riding was following defendant's car too close-

ly, nevertheless, we believe it would be reasonable for a jury to conclude that had defendant complied with the statutory requirements the accident might have been avoided. In other words, if defendant and Dippert were both negligent, the jury might reasonably find that the negligence of each was such that without the acts of negligence concurring, no accident would have resulted. The facts in this case, we believe, bring it squarely within the rule announced in Wallace v. Brende, 67 S. D. 326, 292 N.W. 870.

█ █ Mrs. Dippert was riding with her husband as a passenger and had no control or authority over the operation of the automobile. The husband's negligence, if any, is not imputable to the wife under these circumstances, and there was no justification for a direction of a verdict based upon the contributory negligence of Mrs. Dippert. Lapp v. J. Lauesen Co., 67 S. D. 411, 293 N.W. 536.

The judgment appealed from is reversed.
All the Judges concur.