VAUGHN, Appellant v. PAYNE, Respondent

(63 N. W.2d 798)

(File No. 9394. Opinion filed April 7, 1954)

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Plaintiff and Appellant.

**Royhl & Benson,** Huron, **Cloyd D. Sterling,** Redfield, for Defendant and Respondent.

RUDOLPH, J.  Plaintiff brought this action to recover damages sustained by a tractor unit of which he was the owner.  The jury returned a verdict for defendant and plaintiff has appealed.

The facts so far as material to our discussion are as follows:  At the time of the accident upon which this action is predicated plaintiff's tractor was being operated by one Reiter and was pulling a gasoline tank of the Midwest Oil Company.  Reiter had left Sioux Falls on the morning of the

collision with a load of gasoline to be delivered at Aberdeen. Weather conditions were bad. Between Huron and Aberdeen the roads were icy in spots. The wind was blowing and snow was drifting from the east across the highway. Reiter reached Aberdeen, delivered his load of gasoline and started the trip back to Sioux Falls about 6 o'clock in the evening. The weather had not improved. Snow was blowing across the highway. Reiter testified, "Sometimes when I was driving I couldn't hardly see at all, then you would be out of it again." Reiter testified he drove around 35 miles an hour and that he was going 30 or 35 miles an hour when he hit defendant's car. At this point the road was "very slippery." Reiter further testified that "Just a little bit before" the collision he noticed the headlights of a car coming from the south. Reiter was driving south. These lights were on the east side of the highway. The lights then disappeared and the rear of the car come over to the west side of the road. The car skidded over to the west side, and "went right around in a circle." The right rear of that car was struck by the right front of plaintiff's tractor. It appears that a few feet north of the point where this accident occurred the snow was drifting badly across the highway and there was a drift on the east side about two feet in depth and extending north and south fifteen to twenty feet. This drift extended to about the center of the highway.

The car which was struck by plaintiff's tractor was owned by Walter Miethke, Jr. On the day in question Walter was returning to service in the Air Force after being home on a furlough. He, together with his wife, father and mother, left Redfield about 1:30 in the afternoon and drove to Huron where Walter enplaned for his base at 6:30 that afternoon. Walter Miethke, Sr., and the two women left Huron about 6:30 and started for their home in Redfield. Mr. Miethke drove the car. The accident occurred a short distance south of Tulare. In the accident both Mr. and Mrs. Miethke, Sr., were killed and Mrs. Miethke, Jr., was injured to the extent that she could remember nothing from the time they went through Wolsey on the way home until she regained consciousness in the hospital. Mrs. Miethke, Jr., testified on behalf of the defendant but her testimony went

only to the condition of the roads and weather and the manner in which Miethke, Sr., drove between Huron and Wolsey. She testified that he didn't go any faster than twenty or twenty-five miles an hour and that at times when the snow was drifting across the road "had to crawl". She further testified that Miethke, Sr., was an experienced and qualified driver of automobiles.

■ We have concluded that plaintiff failed to prove that Miethke, Sr., was negligent in the operation of the automobile at the time of the accident.

■ Plaintiff contends the single fact that the Miethke car was on the wrong side of the road at the time of the collision establishes negligence. He relies upon SDC 44.0311 which provides, "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible." This court has held that a statute regulating traffic and manner of driving establishes a standard of conduct and a violation thereof which contributes to an injury constitutes actionable negligence. Iverson v. Knorr, 68 S.D. 23, 298 N.W. 28; Robertson v. Hennrich, 72 S.D. 37, 29 N.W.2d 329; Anderson v. Langenfeld, 72 S.D. 438, 36 N.W.2d 388. However, this rule is not absolute. It was held in the case of Zeller v. Pikovsky, 66 S.D. 71, 278 N.W. 174, that a driver of an automobile finding himself confronted with an emergency not of his own making, is not negligent in driving to the left side of the road if he made such choice as a person of ordinary prudence placed in such a position might make. And it is generally recognized that a mere technical violation of a traffic regulation is not in itself negligence. Blashfield Automobile Law and Practice, Permanent Edition., § 2682; Huddy Automobile Law, Ninth Edition, § 102-111. In conformity to this rule it is held that no actionable negligence results when, through no fault of the driver, an automobile skids on slippery pavement and is thus thrown across the center line of the road. Chase v. Tingdale Bros., 127 Minn. 401, 149 N.W. 654; Dohm v. R. N. Cordozo & Bro., 165 Minn. 193, 206 N.W. 377; Seligman v. Orth, 205 Wis. 199, 236 N.W. 115; Herman v. Sladofsky, 301 Mass. 534, 17 N.E.2d 879; Leonard v. Hey, 269 Mich. 491,

257 N.W. 733; MacIntyre v. Waggoner, 171 Wash. 191, 18 P.2d 15.

■ This court has held that the mere fact an automobile skids on a slippery pavement does not in itself constitute evidence of negligence on the driver's part or render the res ipsa loquitur doctrine applicable. Zeigler v. Ryan, 65 S.D. 110, 271 N.W. 767. We conclude, therefore, that if the car driven by Miethke skidded across the center line of the highway without fault of the driver no actionable negligence was established.

■ We have then the pivotal question in this case as to the fault of the driver, Miethke. In determining the fault of the driver we are confronted at the outset with the fact that he was killed in the accident, and it is the established law in this state that in the absence of any evidence as to the conduct of a person who died of injuries received in an accident there is the presumption that he, acting on the instinct of self-preservation, was in the exercise of ordinary care. Whaley v. Vidal, 27 S.D. 627, 132 N.W. 242; McKiver v. Theo. Hamm Brewing Co., 67 S.D. 613, 297 N.W. 445. This presumption casts the burden upon the plaintiff to present evidence of the lack of due care by Miethke. While the presumption does not constitute evidence that due care was exercised, it does require proof to the contrary in order to remove its effect. What does the proof of plaintiff establish? The proof establishes nothing more than that the Miethke car skidded on the slippery pavement across the center line of the highway. Under the rule above announced this is no evidence of the lack of due care on the part of the driver.

Appellant seems to place reliance upon the snowdrift on the east side of the road a short distance north of the point where the accident took place. To attribute to Miethke some lack of due care because of the snowdrift would find support only in conjecture and guess. We cannot destroy the force of the presumption on any such basis. In the case of McKiver v. Theo. Hamm Brewing Co., supra, the surrounding circumstances and physical facts established the negligence of the decedent. In this case the physical facts are the slippery highway, the storm, the skidding, the general

condition of the highway including the drift. As we view these facts none of them is evidence of the lack of due care, nor do they support a rational inference of the lack of due care. What caused the skidding does not appear. It might have been caused by something beyond the control of the driver, or it might have been caused by some act of the driver which if known would establish negligence. But any determination as to the cause of the skidding would find support only in conjecture or surmise.

The judgment appealed from is affirmed.

All the Judges concur.