# BARNHART, Appellant v. AHLERS, Respondent

## (110 N.W.2d 125)

(File No. 9899. Opinion filed July 11, 1961)

**Lacey & Parliman, Arnold Pfeiffer**, Sioux Falls, for Plaintiff and Appellant.

**Woods, Fuller, Schultz & Smith**, Sioux Falls, for Defendant and Respondent.

HANSON, J. In this automobile collision case the jury awarded plaintiff a verdict of $2,175 for personal injuries and property damage. Afterwards the trial court granted defendant's motion for judgment notwithstanding the verdict and plaintiff appeals.

■■■■ Although requested by plaintiff the trial court refused to instruct the jury on our comparative negligence law. This does not foreclose its application here as a motion for judgment notwithstanding the verdict is retroactive in effect. It relates back and is based upon defendant's motion for a directed verdict made at the close of all the testimony. SDC 1960 Supp. 33.1705. On review, plaintiff is entitled to have correct rules of law applied rather than the law set forth in the instructions to the jury. Frager v. Tomlinson, 74 S.D. 607, 57 N.W.2d 618. Also in determining whether

or not there is any substantial evidence supporting the verdict plaintiff is entitled to have the evidence reviewed in a light most favorable to him and to have all conflicts in the evidence resolved in favor of the verdict. Hullander v. McIntyre, —S.D.—, 104 N.W.2d 40.

The accident took place in the early afternoon of June 3, 1959 on East 12th Street in Sioux Falls. Twelfth Street is black topped and 38 feet wide from curb to curb. The blocks in the area near the scene of the accident are 264 feet long. Plaintiff was driving his 1947 Pontiac west and defendant was proceeding east in a 1958 Chevrolet. The collision occurred when plaintiff made a left turn in the middle of the block to enter Mount Pleasant Cemetery located on defendant's side of the street. The front end of defendant's car struck the right front hood and door of plaintiff's car. At the time plaintiff's car had traveled past the center line of the street and was headed straight south.

Plaintiff is the recipient of a World War I pension and has no right eye. He was unfamiliar with the streets in the vicinity of the accident and was proceeding slowly west on Twelfth Street looking for the entrance to the cemetery. As he approached the area opposite the cemetery gate he looked forward and to the rear for cars and put his hand out for a left turn. He drove 50 feet with his hand out. He saw no cars. He then made a square left turn and proceeded south toward the cemetery gate at two to three miles per hour. His last observation west was made when he started to turn left. When the front wheels of his car were almost in the cemetery driveway he heard car brakes slam on and looking west he saw defendant approaching about 40 feet away. In his opinion defendant was traveling in excess of 40 miles per hour.

The accident was investigated by police officer, Leonard Kattke, who testified defendant's car left skid marks 50 to 52 feet long. He also made a skid mark test at the scene of the accident with the patrol car traveling at a rate

of 25 miles per hour. It left skid marks 40 feet in length.

Twelfth Street runs straight east and west. Except for a drop off or dip in the second block west of the cemetery gate oncoming cars are fully visible 3½ blocks away. An oncoming car in the dip 2½ blocks west of the gate can be seen from the bumper up.

Defendant testified he was on his way home proceeding east on 12th Street. He was driving about 25 miles per hour and saw plaintiff's car when they were roughly a block apart. Each car was in its own lane of traffic. When the cars were 50 or 60 feet apart plaintiff without signaling turned left in front of him. He set his brakes but could not avoid the collision. After the accident he pleaded guilty to a charge of speeding. The speed limit in that residential area was 25 miles per hour.

■ ■ The left-hand turn across the opposite, or favored, lane of traffic between intersections has been described as a most dangerous movement. Flanagan v. Slattery, 74 S.D. 92, 49 N.W.2d 27. It is a necessary and commonplace maneuver however and a motorist making such a turn does not thereby become an insurer. Our statute requires that the driver of any vehicle upon a highway before turning from a direct line shall first see that such movement can be made in safety and shall give a prescribed signal of his intention to make a left turn. SDC 1960 Supp. 44.0317. Statutes of this nature must be construed reasonably and realistically in the light of modern traffic movement. Left turns are not prohibited unless they can be made in absolute safety and free from all danger. Our statute simply means that before turning on a public highway and while turning, a motorist must exercise due care under the circumstances to see that the turning movement can be made with reasonable safety to himself and others who might be affected thereby. Green v. Boney, 233 S.C. 49, 103 S.E.2d 732, 66 A.L.R.2d 1370; 2 Blashfield § 1121. Furthermore, a driver who undertakes a left turn "has the right to take it for granted in the absence of notice to the contrary that the oncoming motorist will maintain

a proper lookout, drive at a lawful speed, and otherwise exercise due care to avoid collision with the turning vehicle." Cooley v. Baker, 231 N.C. 533, 58 S.E.2d 115, 117.

■ ■ The evidence in the present case clearly warrants an inference of actionable negligence on defendant's part (1) in driving at an excessive rate of speed and (2) not maintaining a proper lookout. On the other hand the physical facts indicate that defendant's car, regardless of its speed, had to be approaching from the west well within the range of plaintiff's vision. It was there plainly to be seen and plaintiff was guilty of contributory negligence in failing to look, or look effectively, before and after making the left turn.

The contributory negligence of the plaintiff, however, will not bar a recovery, under our comparative negligence law, where the contributory negligence of the plaintiff is slight and the negligence of the defendant is gross in comparison. SDC 1960 Supp. 47.0304-1. "Where the evidence in relation to neligence and contributory negligence is such that reasonable minds might differ as to the existence of slight negligence on the one hand and gross negligence on the other, the question of comparison is for the jury. If, however, the facts are not in dispute or of such a nature that reasonable men could not differ, the standards of conduct are for the court to determine, and not for the jury." Flanagan v. Slattery, 74 S.D. 92, 49 N.W.-2d 27, 29.

For reversal plaintiff relies largely upon a somewhat similar case wherein this court recognized that a motorist might turn left in front of an unobserved approaching truck without being guilty of negligence, more than slight, as a matter of law. Roberts v. Brown, 72 S.D. 479, 36 N.W.2d 665. In that case the court concluded that plaintiff's contributory neligence was minimized by the exercise of some degree of care and precaution for his own safety and the safety of others. The opinion facetiously characterized his conduct "as being negligent carefully". It is difficult, if not impossible, to distinguish the two cases.

In both, plaintiffs were proceeding slowly and made a left turn in the middle of the block after observations forward and back without observing any oncoming traffic. Roberts' turn was made on a heavily traveled street in the business district of Sioux Falls, contrary to a municipal ordinance which prohibited left turns except at intersections. Left turns were not prohibited in the residential area where the present plaintiff turned. In the Roberts case plaintiff made an angling turn during which he gave an unauthorized signal by opening the left front door. This signal was unlikely to be seen by an oncoming motorist because the left side of plaintiff's vehicle was partially obscured by the angle of his turn. Plaintiff in the present action made a square turn and before doing so drove 50 feet with his arm extended signaling his intention to turn. The statutory signals required before turning a vehicle on a public highway are intended as a warning notice not only for drivers in the rear but also to the drivers of any other vehicles which might reasonably be affected by the turning movement. Fouch v. Werner, 99 Cal.App. 557, 279 P. 183.

As in the Roberts case we conclude here that reasonable minds might differ as to whether or not plaintiff's contributory negligence was slight and the negligence of the defendant gross in comparison. Those issues were properly for the jury.

Reversed with instructions to enter judgment for plaintiff on the verdict of the jury.

RENTTO and BIEGELMEIER, JJ., concur.

SMITH, P. J., and ROBERTS, J.. dissent.