DEHNERT et al., Respondents
v.
GARRETT FEED COMPANY et al., Appellants

(169 N.W.2d 719)

(File Nos. 10594, 10595.  Opinion filed August 4, 1969)

**Agor, Siegel, Barnett & Schutz** by **Raymond M. Schutz**, Aberdeen, for defendants and appellants.

**Raymond Hieb,** Ipswich, **Tom Carey,** Virginia, Minn., for plaintiffs and respondents.

HANSON, Judge.

Franc O. Samuelson and his wife, Goldie, both died as the result of a truck-automobile collision. Separate Wrongful Death actions against the defendant, Garrett Feed Company and its driver, Erwin Lang, were consolidated for trial to the court without a jury. Decisions and judgments were entered in favor of the Franc O. Samuelson Estate in the amount of $9,990 and in favor of the Goldie Samuelson Estate in the amount of $9,950. Defendants appeal from both judgments asserting error in certain findings and conclusions made and entered by the court.

Mr. & Mrs. Samuelson were retired and lived on a farm a few miles northwest of Ipswich in Edmunds County. They had lived in the same community for years and were familiar with the highway between their farm home and the city of Ipswich. About 8 o'clock in the evening of February 1, 1964 they left Ipswich to return home. Mr. Samuelson, age 72, was driving

their 1955 Buick automobile which was in good running order. It was snowing and the highway was covered with one to three inchès of snow. It had rained prior to the snowfall and the road was slippery. Visibility was poor. While proceeding west on Highway 12 approximately a mile west of Ipswich the Samuelson car collided with a semi-truck owned by the defendant, Garrett Feed Company, and being operated by defendant, Erwin Lang.

Earlier in the day Mr. Lang and an alternate truck driver, Richard Barton, had picked up a load of barley in North Dakota for delivery in Texas. The semi-truck and trailer weighed 24,000 pounds and its cargo of barley weighed 48,000 pounds. Lang started driving at Bismarck. When he reached Selby, South Dakota, he turned east on Highway 12. He had traveled this road many times in the past. Snow was encountered at Roscoe. East of Roscoe the truck overtook and passed a car in which Mrs. Miles Miller was a passenger and who testified as a witness for plaintiffs. Mrs. Miller estimated the truck was traveling at not more than 50 miles per hour. Mr. Lang testified on a dry surface he generally drove the truck between 50 and 60 miles per hour. Just prior to the accident he was driving 40 miles per hour. It was dark and the headlights and amber clearance lights on the sides and top of the truck were all on.

Lang first observed the Samuelson car about one-half mile ahead. It remained in sight at all times thereafter. When the vehicles were approximately 300 feet apart the Samuelson car turned into the south lane of traffic without signaling. It appeared as though the Samuelson car was making a left turn off the highway so defendant Lang took his foot off the accelerator and applied the brakes lightly. When the Samuelson car reached the south shoulder it suddenly turned back towards the north lane. Lang then applied the truck brakes with force, but it was too late to avoid a head-on collision.

The left front of the Samuelson car collided with the front of the truck. Lang was thrown out of his seat. The force of the impact reversed the direction of the Samuelson car for a distance of 264 feet. It came to rest on the south shoulder of the

highway facing northeast. The truck stopped in a jackknife position in a field 53 feet south of the car. Both Samuelsons were killed instantly.

Plaintiffs alleged and contended throughout the trial that defendants' truck was traveling in the wrong lane and the collision occurred on the north side of the highway. However, this issue was resolved against plaintiffs by the trial court's finding the collision occurred in the south lane. In its findings the trial court characterized the manner in which the Samuelson car was being driven prior to the collision as a "hazardous maneuver", but it was impossible to determine the cause or reason except it was not the result of an intentional act.

In allowing plaintiffs to recover the court concluded (1) that defendant Lang was traveling at a speed greater than was reasonable and prudent under the conditions and circumstances than existing in violation of SDC 1960 Supp. 44.0303(1) which "proximately caused the accident" resulting in the Samuelson deaths; and (2) the defendants "failed to produce or go forward with evidence sufficient to overcome the presumption that the decedents, acting on the instinct of self-preservation, exercised due care and specifically that any statutory violations on the part of the driver of the Samuelson car were without legal excuse." The propriety of these conclusions is challenged by defendants on appeal.

██ ██ There is a presumption, in the absence of evidence to the contrary, that a person killed in an accident was exercising due care for his protection at, and immediately before, the accident. This presumption is based on the natural instinct of self-preservation and the normal disposition to avoid self-destruction or personal harm. In the absence of rebutting evidence this presumption was recognized and applied in the following cases: Whaley v. Vidal, 27 S.D. 627, 132 N.W. 242; Vaughn v. Payne, 75 S.D. 292, 63 N.W.2d 798; Fossum v. Zurn, 78 S.D. 260, 100 N.W.2d 805; and Bothern v. Peterson, 83 S.D. 84, 155 N.W.2d 308. However, "This presumption, like other presumptions, disappears when evidence is introduced from which facts may be

found. It does not remain to create an issue of fact as against such evidence. The presumption may be rebutted by direct or circumstantial evidence to the contrary. Circumstances, in other words, may be sufficient to present an issue of fact for the jury or to demonstrate the existence of contributory negligence as a matter of law." Schuknecht v. Chicago, M., St. P. & P. R. Co., 74 S.D. 61, 48 N.W.2d 917. Other cases in which the presumption of due care lost its effectiveness in the face of rebutting evidence or the surrounding physical facts, are McKiver v. Theo. Hamm Brewing Co., 67 S.D. 613, 297 N.W. 445; Pleinis v. Wilson Storage and Transfer Co., 75 S.D. 397, 66 N.W.2d 68; Wibeto v. Ristvedt, 83 S.D. 221, 157 N.W.2d 343; and Irvin v. United States, D.C., 148 F.Supp. 25.

■ ■ Likewise, in the present case there is no vacuum of facts for the presumption of due care to operate in as defendants sustained the burden of going forward with sufficient evidence to overcome its effect. King v. Johnson Bros. Const. Co., 83 S.D. 69, 155 N.W.2d 183. The evidence shows defendants' truck was visible for at least one-half mile. Nevertheless, the Samuelson car engaged in the "hazardous maneuver" of driving on the wrong side of the road and into the path of the oncoming truck. See Irvin v. United States, D.C., 148 F.Supp. 25. These facts dispelled the presumption of due care so far as the decedent, Franc Samuelson, is concerned and made him chargeable with contributory negligence, more than slight, as a matter of law. Unlike the facts in Vaughn v. Payne, 75 S.D. 292, 63 N.W.2d 798, there is no contention or proof that the Samuelson car slid or skidded out of control because of ice or other slippery conditions and was thus suddenly thrown across the center line of the highway.

■ ■ Negligence of an operator of a motor vehicle is not imputed to the passenger or occupant of the vehicle merely because of marital relationship. Dippert v. Sohl, 74 S.D. 236, 51 N.W.2d 699, 29 A.L.R.2d 1. Therefore, in the absence of evidence that Goldie Samuelson was exercising control or authority over the operation of their automobile the contributory negligence of her husband was not imputable to her. Fredrick-

son v. Kluever, 82 S.D. 579, 152 N.W.2d 346, and in general see 8 Am.Jur.2d, Automobiles and Highway Traffic, § 669, p. 221.

The judgment in favor of the Estate of Franc O. Samuelson in Case #6000 is therefore reversed and the judgment in favor of the Estate of Goldie Samuelson in Case #6001 is affirmed. No costs shall be taxed in either case.

All the Judges concur.