**Max W. SAWYER, Appellant,**

**v.**

**Daniel P. KIRK, Appellee.**

**No. 54128.**

Supreme Court of Iowa.

Jan. 19, 1971.

Finley & Teas, Mason City, for appellant.

Brown, Dresser & Kinsey, Mason City, for appellee.

BECKER, Justice.

Action for personal injuries growing out of an automobile accident that occurred in a severe snowstorm. The case was tried to the court. Verdict for defendant. Plaintiff appeals. Affirmed.

Plaintiff, a resident of Mason City, Iowa, started out of the city on a business trip on January 16, 1967 at about 2:00 P. M. It was snowing hard when plaintiff started. As he approached open country the severity of the storm increased, visibility dropped to almost zero and plaintiff decided to abandon the trip. Plaintiff was traveling south on Federal Avenue, a four-lane, two-directional street with a yellow line down the center. He decided to turn left on 35th Street to go home. To do so he slowed his car from 25 or 30 miles per hour to 5 or 10 miles per hour preparatory to making the turn. His left side window was rolled down so he would be sure to see the yellow line on the highway. Plaintiff's slowing process took several hundred feet. He did not use his brakes but his left turn signal was on and working during the slowing process. He looked in his rear vision mirror but did not see any vehicles behind him. At this time blizzard conditions prevailed and visibility was severely limited. As plaintiff approached the intersection, just before he was about to make his turn, his car was struck from the rear by defendant's car.

Defendant testified he was driving about 30 or 35 miles per hour. As he reached the edge of town zero visibility conditions developed. He continued on in the inside lane where he could intermittently see the yellow line in the middle of the highway. When he saw plaintiff's car he was very close to it. It was traveling very slowly or stopped. Defendant hit his brakes and cramped his wheels to the right but it was too late. The brakes apparently did not have time to take hold before impact as no skid marks were apparent. Defendant estimated the impact occurred about 50 feet before the cars reached the 35th Street intersection at which plaintiff intended to turn left. After the first collision defendant's car was almost immediately struck from the rear by a third car.

The trial court found defendant guilty of negligence but also found plaintiff guilty of negligence which was a proximate cause of the accident and denied recovery.

I. Plaintiff contends the court erred in finding him guilty of proximate negligence. This is the sole issue on ap-

peal. The court sat as a trier of the fact. This being so, its findings have the force and effect of a jury verdict and will not be set aside if supported by substantial evidence. Such a decision, if correct on any ground shown by the record, will not be disturbed on appeal. Houlahan v. Brockmeier, 258 Iowa 1197, 141 N.W.2d 545 (1966).

Plaintiff contends the trial court erred in finding him negligent for failing to keep a proper lookout to the rear. This was not the sole basis for the court's ultimate conclusion. When it ruled on the motion for new trial the court said:

"Plaintiff was under a duty to see that he could make his turn and such movement in safety. Harmon v. Gilligan, 221 Iowa 605 [266 N.W. 288]; Parrack v. McGaffey, 217 Iowa 368 [251 N.W. 871]. And the loss of visibility and the venture of the driver to proceed in change of course or in other respects where it may affect other drivers and traffic does constitute the proximate cause of an accident such as this. Greenland v. City of Des Moines, 206 Iowa 1298 [221 N.W. 953]. * * *.

"Plaintiff here reduced his speed to a very slow, if not a creeping speed under circumstances when he, as a reasonable and prudent person, would know that invisible traffic behind him, involved in the same dilemma which he was involved, might well be affected by his maneuver and he was under a duty to maintain a proper lookout as to such drivers and not reduce his vehicle to a speed under circumstances where it would invite a collision and accident with oncoming traffic. If defendant was at fault in driving too rapidly, plaintiff was equally at fault in driving too slowly under circumstances of zero visibility."

■ Inclement weather and poor visibility spawn difficult cases. Reasonable minds might well differ as to the factual conclusions to be drawn from the issues presented. In such cases it is our duty to affirm the trial court. Examination of the record reveals substantial evidence to support the trial court's finding. As generally tending to support the proposition that the evidence here presents a jury (or fact) question see Patzer v. Bowerman-Halifax Funeral Home, 370 Mich. 350, 121 N.W.2d 843; Dippert v. Sohl, 74 S.D. 236, 51 N. W.2d 699 (S.D.1952); Oakes v. Peter Pan Bakers, Inc., 258 Iowa 447, 138 N.W.2d 93, 10 A.L.R.3d 247.

Affirmed.

All Justices concur except RAWLINGS and LeGRAND, JJ., who dissent.