[No. A033675. First Dist., Div. Three. Mar. 31, 1986.]

HOMESTEAD SAVINGS, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
DIVIDEND DEVELOPMENT CORPORATION, Real Party in Interest.

**COUNSEL**

Brobeck, Phleger & Harrison, William S. Boyd and Stephen L. Meagher for Petitioner.

No appearance for Respondent.

Herzstein, Garofalo & Fortune, Peter Fortune, Nicholas A. Carlin, Hetland & Hansen, John R. Hetland and Charles A. Hansen for Real Party in Interest.

## OPINION

**WHITE, P. J.**—Petitioner successfully resisted a motion to summarily adjudicate issues connected with its defense of a lawsuit arising out of real estate transactions. However, the trial court's order adjudicated against petitioner certain subissues not specifically targeted by the motion for summary adjudication. By its petition, which we have determined to have been timely filed, petitioner prays for an order vacating this summary adjudication. We conclude that the court abused its discretion in adjudicating issues not specified in the motion.

The details of the underlying transactions need not be explained in this opinion. It is sufficient to say that the parties entered into transactions under which Homestead Savings (Homestead) was to provide the funds to Dividend Development Corporation (Dividend) for development of several parcels of residential real estate. The parties dispute whether the arrangements were part of a joint venture between them or were merely loans from Homestead to Dividend. One feature of the "Fremont" agreement was Homestead's right to "buy out" Dividend's interest in the property if Homestead did not approve of the terms of any sale proposed by Dividend.

After filing suit against Homestead, alleging breach of contract, fraud and other causes of action, Dividend sought summary adjudication of the issues. (Code Civ. Proc., § 437c, subd. (f).) The notice of motion specified that Dividend would move the court for an order adjudicating that the following issues were established without substantial controversy against Homestead and that no further proof thereof should be required at trial: "1. That Dividend Development Corporation and Homestead Savings formed a joint venture to develop the Foster City, Fremont and Port Royal Projects on December 14, 1978 . . . . 3. That Homestead Saving's 'Buy Out' rights under paragraph 7 of the Fremont Agreement entered into on December 14, 1978 by Dividend Development Corporation and Homestead Savings violated Section 715.2 of the California [Civil Code] (the Rule Against Perpetuities), and was void *ab initio*. . . ." The notice of motion made no request to adjudicate subissues of these specified issues.

After briefing by the parties and submission of documents and declarations, the court announced its decision to deny summary adjudication of both the joint venture and the buy out issues. But during its discussion of whether Dividend had established all the elements of a joint venture, the court stated that there was "no question that there was community of interest between the parties in this matter and there is no question but what there was joint control of the matters." In ruling on the buy out issue, the court concluded that the clause was not void because it could be reformed to avoid the statute of limitations by making the buy out right expire on the "two dates of the notes."

Eventually, after objections by each side to an order proposed by the other, these explanations by the court of its reasoning process in denying Dividend's motion became part of a court-prepared order adjudicating some issues against Homestead. Thus, on November 20, 1985, the court filed its order finding, inter alia, that the "requisite right of control" and the "requisite community of interest for a joint venture between Homestead and Dividend [are] established" and that the buy out provision should be construed to be "coextensive with the due dates, i.e. June 30, 1982, on the promissory notes issued relative to the Fremont Project." The final paragraph of the order explained that "the foregoing issues which are deemed to be without substantial controversy shall be deemed established and that no further evidence or proof thereof shall be required at the trial of this action, and that the final judgment herein shall, in addition to any other matters determined at trial, be based upon the issues so established." This petition followed.

Code of Civil Procedure section 437c, subdivision (f), provides: "When the moving party moves for summary adjudication of issues, either by itself or as an alternative to summary judgment, if it appears that the proof supports the granting of such motion as to some but not all the issues involved in the action, or that one or more of the issues raised by a claim is admitted, or that one or more of the issues raised by a defense is conceded, the court shall, by order, specify that such issues are without substantial controversy. . . . At the trial of the action the issue so specified shall be deemed established and the action shall proceed as to the issues remaining."

■ Petitioner contends that on a motion for summary adjudication, the court may only adjudicate those issues specified by the motion. Petitioner suggests that without notice that subissues may be adjudicated, the party defending the motion may concentrate on the moving party's weakest element and ignore or only lightly touch other subissues. If the defending party defeats the motion at its weakest point, it should not be penalized for failing to devote equal effort to other elements of the moving party's case. Peti-

tioner points to discussion by Judges Robert Weil and Ira Brown, Jr., in their treatise Civil Procedure Before Trial (1985) addressing the related problem of ruling on a summary judgment motion which does not also seek summary adjudication of issues: "The moving party may argue that he should be entitled to a summary adjudication order on the remaining issues in the case as to which no 'triable issue' was raised. But such relief will *not* be granted unless requested in the notice of motion. [¶] The reason, of course, is that the opposing party may have decided to raise only one triable issue of fact in order to defeat the motion, without intending to concede the other issues. It would be unfair to grant a summary adjudication order unless the opposing party was on notice that an issue-by-issue adjudication might be ordered if summary judgment was denied." (*Id.,* at pp. 10-14 to 10-15.)

■ Real party in interest responds that petitioner cannot object to summary adjudication of subissues here because real party's motion separately discussed the various elements of a joint venture and petitioner argued against real party's position as to each element. Real party contends that by arguing against each element, petitioner waived any requirement of notice that each subissue might be summarily adjudicated.

We reject real party's contention. Summary judgment is a device for narrowing issues for trial, not a trap for an unwary opponent. If a party desires adjudication of particular issues or subissues, that party must make its intentions clear in the motion. It is no doubt tempting for a trial court to "adjudicate" subissues it considered during examination of an issue presented by the moving party. In many cases, the trial court's analysis of the subissue may be correct and the defending party may have put forth all available evidence and argument on the subissue. But neither the moving party nor the court can be certain that the defending party has fully defended the subissue. Any gain in efficiency the court might make by adjudicating subissues not targeted by the motion is outweighed by the unfairness to the defending party who has not been properly notified of the danger of such a ruling.

■ Real party contends that the court's ruling is justified by the wording of Code of Civil Procedure section 437c, subdivision (f), which directs the court to "by order, specify that *such issues* are without substantial controversy" if "it appears that the proof supports the granting of such motion as to some but not all of the *issues involved in the action . . . .*" (Italics added.) Real party notes that subdivision (f) does not require that the issues specified by the court be included in the notice of motion for summary adjudication, only that the issues be "involved in the action."

Such a reading of subdivision (f) would seriously burden trial courts and undermine the utility of the summary adjudication device. Implicitly, real party argues that a motion for summary adjudication need not target any particular issues in the case but that the mere filing of such a motion forces the court to analyze every issue and subissue in the case to determine which are without substantial controversy under the declarations presented by the parties. The general wording of subdivision (f), which fails to address the notice question, does not justify departure from the specific rule that a notice of a motion must state the "grounds upon which it will be made" (Code Civ. Proc., § 1010). In the case of a motion for summary adjudication, the motion must at least identify the specific issues or subissues to be adjudicated.

■ We issue a peremptory writ of mandate to vacate the trial court's adjudication of the subissues. Such a procedure is proper as we have advised real party in interest that we might act by a peremptory writ in the first instance (Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-178 [203 Cal.Rptr. 626, 681 P.2d 893]).

Let a peremptory writ of mandate issue directing the San Mateo County Superior Court to vacate that portion of its order which purports to summarily adjudicate subissues of the joint venture and buy out issues.

Scott, J., and Merrill, J., concurred.