[No. B022315. Second Dist., Div. Six. Mar. 5, 1987.]

JOSEFINA GONZALES, Petitioner, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY,
Respondent;
GENERAL MOTORS CORPORATION et al., Real Parties in Interest.

COUNSEL

Anderson, Parkinson, Weinberg & Miller, Douglas P. Miller and Thomas
T. Anderson for Petitioner.

No appearance for Respondent.

Kosmo, Cho & Brown and Howard Cho for Real Parties in Interest.

## OPINION

**ABBE, J.**—We must decide here whether a court may properly grant summary adjudication of issues where the notice of motion was only for summary judgment. We conclude that it may not.

### FACTS

Petitioner is the plaintiff in a personal injury action. The lawsuit arises from an accident involving her automobile and a truck owned by real party California Liquid Fertilizer Corporation, and driven by real party Leonard Ray Black.

Real parties filed a document entitled, "Notice of Motion and Motion for Summary Judgment." The notice of motion made no request that the court summarily adjudicate factual issues. In the motion it was argued that it was the petitioner who was at fault, and not real parties. Real parties' supporting points and authorities included a statement of 21 facts in support of their motion. (See Code Civ. Proc., § 437c, subd. (b).)

In opposition to the motion petitioner contended there were triable issues of fact with respect to real parties' negligence. Petitioner's opposition focused upon the issues of whether her automobile passed real parties' truck prior to the collision, the speed of the vehicles, and whether real parties' truck struck petitioner's automobile.

On July 11, 1986, the matter was heard by respondent superior court. The motion for summary judgment was denied. However, the court was of the view that it could summarily adjudge that some of the statements of facts set forth in real parties' moving papers were without controversy. Counsel for General Motors, a codefendant in the action, pointed out that real parties had not moved for summary adjudication. The court asked counsel for real parties whether he wished to have it summarily adjudicate the issues of fact. Real parties' counsel replied in the affirmative. At this juncture, counsel for petitioner stated that, in his points and authorities, he had attempted to raise a triable issue of fact concerning real parties' negligence but had not made

any effort to address a motion for summary adjudication of issues. The court proceeded to summarily adjudge that 17 of the issues were without substantial controversy.

On July 30, 1986, the court entered an order prepared by real parties' counsel finding 17 of the factual issues proposed in real parties' points and authorities to be without substantial controversy. The order denied the motion for summary judgment, and found triable issues of fact as to four issues. The order did not specify which evidence was in conflict on the four triable issues of fact.

Petitioner seeks a writ of mandate. She asserts that, in the absence of a properly noticed motion for summary adjudication, the trial court could not grant real parties' oral motion.

### DISCUSSION

Code of Civil Procedure section 437c, subdivision (f) provides: "A party may move for summary adjudication of issues, either by itself or as an alternative to summary judgment. If it appears that the proof supports the granting of the motion for summary adjudication as to some but not all the issues involved in the action, or that one or more of the issues raised by a claim is admitted, or that one or more of the issues raised by a defense is conceded, the court shall, by order, specify that those issues are without substantial controversy. Moreover, upon a motion for summary adjudication, the court shall, by written order or oral order recorded verbatim, specify those issues raised by the motion for summary adjudication as to which there exists a material, triable controversy, and shall specifically refer to the evidence which establishes a triable issue of fact regarding each of those issues. . . ."

■ It is elemental that a notice of motion must state in writing the "grounds upon which it will be made." (Code Civ. Proc., § 1010; Cal. Rules of Court, rule 311(a); *Silva* v. *Holland* (1888) 74 Cal. 530, 532 [16 P. 385].) Only the grounds specified in the notice of motion may be considered by the trial court. (*Taliaferro* v. *Riddle* (1959) 167 Cal.App.2d 567, 570 [334 P.2d 950]; cf. *Carrasco* v. *Craft* (1985) 164 Cal.App.3d 796, 808 [210 Cal.Rptr. 599].) This rule has been held to be especially true in the case of motions for summary adjudication of issues. (*Homestead Savings* v. *Superior Court* (1986) 179 Cal.App.3d 494, 499 [224 Cal.Rptr. 554].)

■ The language in Code of Civil Procedure section 437c, subdivision (f) makes it clear that a motion for summary adjudication cannot be consid-

ered by the court unless the party bringing the motion duly gives notice that summary adjudication is being sought. (*Homestead Savings* v. *Superior Court, supra,* 179 Cal.App.3d at pp. 497-498; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (1986) §§ 10:21, 10:43.) "If a party desires adjudication of particular issues or subissues, that party must make its intentions clear in the motion. . . ." (*Homestead Savings* v. *Superior Court, supra,* 179 Cal.App.3d at p. 498.) There is a sound reason for this rule: ". . . the opposing party may have decided to raise only one triable issue of fact in order to defeat the motion, without intending to concede the other issues. It would be unfair to grant a summary adjudication order unless the opposing party was on notice that an issue-by-issue adjudication might be ordered if summary judgment was denied." (Weil & Brown, *supra,* at § 10:44.)

Real parties argue that the court was nonetheless authorized by Code of Civil Procedure section 437c, subdivision (g) to have acted in the manner which it did. Subdivision (g) provides in part: "Upon the denial of a motion for summary judgment, on the ground that there is a triable issue as to one or more material facts, the court shall, by written or oral order, specify one or more material facts raised by the motion as to which the court has determined there exists a triable controversy. This determination shall specifically refer to the evidence proffered in support of and in opposition to the motion which indicates that a triable controversy exists. . . ." They reason that the respondent court was required by subdivision (g) to determine which of the issues did not present triable controversies.

It is true that a court, upon denial of a motion for summary judgment, is mandated by Code of Civil Procedure section 437c, subdivision (g) to specify which issues of fact remain in dispute. (*Tera Pharmaceuticals, Inc.* v. *Superior Court* (1985) 170 Cal.App.3d 530, 532 [219 Cal.Rptr. 923]; *Continental Ins. Co.* v. *Superior Court* (1985) 165 Cal.App.3d 1069, 1072 [212 Cal.Rptr. 140].) Nevertheless we find no merit in real parties' contention. Subdivision (g) of section 437c requires the court to specify "one or more material facts" upon which there exists a triable issue. However, the provision in question does not empower the court to render an adjudication that certain issues are without controversy.

Moreover, we find respondent's order is not in compliance with the requirements of subdivision (g) requiring the court, in denying a motion for summary judgment, to refer to the conflicting evidence regarding each issue that it finds to be triable. (*Continental Insurance Co.* v. *Superior Court, supra,* 165 Cal.App.3d at p. 1072.) Neither the reporter's transcript nor the order entered on July 30, 1986, identifies any of the conflicts in the evidence that give rise to triable issues of fact.

CONCLUSION

Let a writ of mandate issue directing the superior court to vacate that portion of its order granting summary adjudication of issues and to enter a new order complying with the views expressed in this opinion.

Stone, P. J., and Gilbert, J., concurred.