Doraine THEUNISSEN, Administratrix
of the Estate of William T. Theunissen,
Deceased, Plaintiff and Appellant,

v.

John Teen BRISKY, Defendant
and Appellee.

No. 16184.

Supreme Court of South Dakota.

Argued Oct. 12, 1988.

Decided March 29, 1989.

Raymond M. Schutz and Philo Hall of
Siegel, Barnett & Schutz, Aberdeen, for
plaintiff and appellant.

Kennith L. Gosch of Bantz, Gosch, Cremer, Peterson & Oliver, Aberdeen, for defendant and appellee.

MORGAN, Justice.

Doraine Theunissen (Theunissen), Administratrix of the Estate of William T. Theunissen (decedent), appeals from a partial summary judgment entered by the trial court against her in her action seeking damages against John Teen Brisky (Brisky) for wrongful death arising from a collision. We reverse.

Briefly the background facts are as follows. On December 20, 1983, shortly after 11:00 a.m., Brisky, the driver of a semi truck collided with the pickup decedent was driving, at the intersection of U.S. Highway 12 and Edmunds County Highway 35 near Mina, South Dakota. The collision occurred when decedent attempted to make a left-hand turn from Highway 212 onto Highway 35 in front of Brisky's vehicle. At the time of the collision, the weather was cold and it was snowing. The concrete pavement was snow covered and visibility was diminished. Further facts will be related as necessary to the discussion.

Theunissen brought this action for wrongful death on behalf of herself, as widow, and the seven surviving children of decedent. Brisky answered, denying liability and asserting the affirmative defenses of contributory negligence and assumption of the risk. Brisky moved for summary judgment and the matter was submitted to the trial court based on the pleadings, deposition, answers to interrogatories, affidavits and briefs of counsel. By memorandum opinion and order, the trial court granted partial summary judgment, denying total summary judgment.

In essence, the trial court determined that: (1) decedent's actions constituted negligence as a matter of law; (2) the legal presumption of due care was rebutted by the evidence; and (3) the question of com-

parative negligence under SDCL 20–9–2, more particularly the weighing of Brisky's negligence in overdriving road conditions against decedent's contributory negligence, is a factual question properly left to a jury.

Theunissen petitioned for permission to appeal from the order and this court granted the petition. Theunissen raises five issues in her brief which we have synthesized into the following two:

1. Did the trial court err in granting partial summary judgment upon the basis that:

(a) the decedent was contributorially negligent as a matter of law under the circumstances; or

(b) the evidence of decedent's negligence overcame the presumption of due care on his part; and

2. On motion for summary judgment, did the trial court err by granting only partial summary judgment not specifically prayed for?

██ We first examine Theunissen's second issue, the propriety of partial summary judgment, absent a petition and notice for adjudication of the particular issues or sub-issues. We find this a novel issue, but wholly without support under our procedural statutes.

Theunissen relies on the provisions of SDCL 15–6–7(b)(1), the general procedural statute governing motions.[1] However, particular motions for summary judgment are governed by the provisions of SDCL 15–6–56(a) through (g). The gist of Theunissen's objection lies in the trial court granting *partial* summary judgment when the petitioner had asked for total summary judgment. We find that the answer lies in the provisions of SDCL 15–6–56(d) which provides in pertinent part:

If on motion under § 15–6–56 judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.

It is basic law that the specific provision prevails over the general. *Hartpence v. Youth Forestry Camp,* 325 N.W.2d 292 (S.D.1982). The trial court followed the provision quoted above and entered the order for partial summary judgment. The California cases[2] relied upon by Theunissen are inappropriate because of differences in the statutory procedures. We affirm the procedural aspect of the trial court's entry of the partial summary judgment order.

Before examining the substantive issue, we define our scope of review. In *Nizielski v. Tvinnereim,* 429 N.W.2d 483, 485 (S.D.1988) (quoting *Time Out, Inc. v. Karras,* 392 N.W.2d 434, 436–37 (S.D.1986)), we said:

Our scope of review on appeal [from a granting of a summary judgment motion] is not under the 'clearly erroneous' doctrine, but rather under the strict standards attendant upon entry of summary judgment as delineated in [*Wilson v. Great Northern Railway Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968)]:

(1) Evidence must be viewed most favorable to the nonmoving party;

(2) The burden of proof is on the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law;

(3) Summary judgment is not a substitute for a court trial or for trial by jury where any genuine issue of material fact exists;

(4) Surmise that a party will not prevail upon trial is not sufficient basis to grant summary judgment on issues

---

1. SDCL 15–6–7(b)(1), in pertinent part, provides: "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

2. *Gonzales v. Superior Court,* 189 Cal.App.3d 1542, 235 Cal.Rptr. 106 (2 Dist.1987), and *Homestead Sav. v. Superior Court,* 179 Cal.App.3d 494, 224 Cal.Rptr. 554 (1 Dist.1986).

which are not shown to be sham, frivolous or so unsubstantial that it is obvious that it would be futile to try them;

(5) Summary judgment is an extreme remedy which should be awarded only when the truth is clear and reasonable doubts touching the existence of a genuine issue as to material fact should be resolved against the movant;

(6) When no genuine issue of fact exists, summary judgment is looked upon with favor and is particularly adaptable to expose sham claims and defenses.

In considering the first sub-issue, whether decedent was contributorially negligent as a matter of law, we examine our provision regarding comparative negligence. SDCL 20–9–2 provides:

In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant, but in such case, the damages shall be reduced in proportion to the amount of plaintiff's contributory negligence.

With respect to this statute, we said in *Lovell v. Oahe Elec. Co-op*, 382 N.W.2d 396, 399 (S.D.1986), that

[t]he comparison is made with the negligence of the defendant, rather than with the ordinarily prudent person.... However, the norm of conduct of an ordinary, reasonably prudent person must be considered in determining the extent to which each party fell below that standard and, thus, was found negligent or contributorially negligent. (Citations omitted.)

In contributory negligence cases, we have said: "Where the evidence establishes that the plaintiff was beyond reasonable dispute guilty of negligence more that slight it is the duty of the court to direct a verdict for the defendant." *Starnes v. Stofferahn*, 83 S.D. 424, 432–33, 160 N.W.

2d 421, 426 (1968); *see also Ford v. Robinson*, 76 S.D. 457, 80 N.W.2d 471 (1957); *Kundert v. B.F. Goodrich Co.*, 70 S.D. 464, 18 N.W.2d 786 (1945). This would be equally applicable to motions for summary judgment.

In this case, however, it would appear to us that this is a singularly inappropriate case for granting summary judgment, in total or in part. It is a negligence case and as we said in *Wilson v. Great Northern Railway:*

Summary judgment is generally not feasible in negligence cases because the standard of the reasonable man must be applied to conflicting testimony. Issues of negligence and such related issues as wanton or contributory negligence are ordinarily not susceptible of summary adjudication either for or against a claimant and should be resolved by trial in the ordinary manner....

This court has repeatedly said that issues of negligence, contributory negligence, and the comparative extent thereof, and proximate cause are ordinarily questions of fact and it must be a clear case before a trial judge is justified in taking these issues from the jury.

*Wilson*, 83 S.D. at 212–13, 157 N.W.2d at 22.

We think that this admonition is particularly appropriate in comparative negligence cases. In the first place, what advantage is summary judgment to either the court or the parties? Because of the requirement that the negligence of the decedent be compared with the negligence of Brisky, we see no diminution in the evidentiary burdens. It would appear that the trial court might well wait until the evidence is in and appropriate motion made for directed verdict.

The factual situation here is one in which many of us who have driven in our South Dakota winters have found ourselves in. The movement·of any vehicle, and especially those big tractor-trailers, swirls up clouds of snow.to hamper everyone's visibility. Conditions do not remain static, but vary from time to time. Ordinary care is commensurate with existing and surround-

ing hazards. "The greater the danger, the greater is the care required, so that a very high degree of danger calls for a very high degree of care, which, however, amounts to ordinary care in view of the situation and circumstances." *Lovell*, 382 N.W.2d at 398.

Such would surely be the situation at this intersection under these conditions. Granted, premised on the fact that Brisky testified he could not see decedent until just before the collision, decedent made a left turn in apparent violation of the statute inasmuch as he did not have adequate visibility to determine that he could do so "with reasonable safety to himself and others." *Barnhart v. Ahlers*, 79 S.D. 186, 189, 110 N.W.2d 125, 127 (1961). However, what this amounts to is a fact finding without giving the nonmoving party the benefit of every inference. *Wilson, supra.* The fact that Brisky was overdriving his range of visibility does not prove anything about decedent's conduct.

■ We hold that under the circumstances of this case, it was for the jury to determine whether decedent was negligent in the manner in which he attempted to make the left-hand turn. It must determine whether decedent exercised due care under the circumstances. This is a question of fact. Therefore, the trial court erred in granting Brisky's motion and ruling that decedent was contributorily negligent as a matter of law.

■ We next examine whether the evidence of decedent's negligence overcomes the presumption of due care. This is a presumption, in the absence of evidence to the contrary, that a person killed in an auto accident was exercising due care for his protection at, and immediately before, the accident. *Olesen v. Snyder*, 277 N.W.2d 729, 735 (S.D.1979); *Dehnert v. Garrett Feed Company*, 84 S.D. 233, 236, 169 N.W. 2d 719, 721 (1969); *Vaughn v. Payne*, 75 S.D. 292, 63 N.W.2d 798 (1954). "This presumption is based on the natural instinct of self-preservation and the normal disposition

to avoid self-destruction or personal harm." *Dehnert*, 84 S.D. at 236, 169 N.W.2d at 721.

This presumption may be rebutted by direct or circumstantial evidence to the contrary. "It is undisputed that the presumption of due care disappears when direct or circumstantial evidence is introduced from which facts to the contrary can be adduced." *Olesen*, at 735. Brisky presented evidence to rebut the presumption of due care, therefore, the presumption disappears and an issue of fact is created.

In addition to finding decedent contributorially negligent, the trial court also determined that the evidence rebutted the inference of due care because, as he suggests, there were three other alternatives to decedent's left turn. This clearly appears to be a finding of disputed facts without giving decedent the benefit of every inference. *Wilson, supra.* Therefore, we reverse the grant of partial summary judgment for the reason that we find it inappropriate under the circumstances of this case.

HENDERSON, SABERS and MILLER, JJ., concur.

WUEST, C.J., dissents.

WUEST, Chief Justice (dissenting).

I would affirm the trial court in all aspects. Making a left-hand turn in front of an oncoming semitrailer is negligence as a matter of law. *See Barnhart v. Ahlers*, 79 S.D. 186, 110 N.W.2d 125 (1961). Probably, a better practice for the trial court would have been to deny the partial summary judgment and made its decision at the settlement of instructions. Nevertheless, the trial court had before it all of the possible facts and, therefore, was in a position to render the partial summary judgment.