Filed 3/2/16  Makabi v. Gedalia CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| NATALIE MAKABI et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>EASHAK GEDALIA et al.,<br><br>    Defendants and Appellants. | B261005<br><br>(Los Angeles County<br>Super. Ct. No. BC468146) |

APPEAL from an order of the Superior Court of Los Angeles County.  Richard L. Fruin, Jr., Judge.  Affirmed as modified.

———

Beitchman & Zekian, David P. Beitchman, Rouben Varozian, and Zina Yu for Defendants and Appellants.

James H. Cordes; Law Office of Robert Ackermann, Robert Ackermann; Jennifer Kramer Legal, Jennifer Kramer; Law Office of Ricardo Chavez and Ricardo Chavez for Plaintiffs and Respondents.

———

Defendants Aroma Bakery Café, Inc. (ABC) and Gourmet Kosher Baking, Inc. (GKB) employed plaintiffs Natalie Makabi, Sivan Cohen, Maor Batito, Udi Berdugo, Or Takaev, Ekaterina Avashurova, and Roee Lavi as servers or hostesses at two Aroma Bakery restaurants. The plaintiffs sued ABC and GKB based upon a variety of Labor Code violations, including the failure to pay minimum wages and overtime compensation (the Makabi action). In the same action, four of the plaintiffs sued defendants Eashak Gedalia and Guy Twig individually to recover civil penalties under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, §§ 2698-2699.5) (PAGA).[1] Gedalia and Twig owned the shares of ABC and GKB and managed the Aroma Bakery restaurants. The trial court found in favor of the seven plaintiffs on most of their causes of action and awarded them damages against ABC and GKB. The court found Gedalia and Twig liable to the four plaintiffs under PAGA, but declined to impose any civil penalties.

The plaintiffs moved for an award of attorneys' fees based on Labor Code sections 226 and 1194. The court granted the motion and awarded plaintiffs $456,522.20 in fees against ABC, GKB, Gedalia, and Twig, jointly and severally. Gedalia and Twig appeal from the award of attorneys' fees.

We conclude that plaintiffs cannot recover attorneys' fees from Gedalia or Twig because, on the only cause of action asserted against them, the four plaintiffs did not move for an award of attorneys' fees under PAGA, nor did they segregate the fees related to the PAGA claim. We therefore modify the order accordingly.

## FACTUAL AND PROCEDURAL SUMMARY

A.  *Background*

In October 2010, Odelya Halevi commenced a putative class action lawsuit on behalf of servers employed by ABC (the Halevi action). Halevi alleged that ABC failed to pay minimum wages and overtime pay, failed to provide meal and rest periods and accurate wage statements, and was liable for waiting time penalties.

---

[1]  All subsequent statutory references are to the Labor Code unless otherwise indicated.

In August 2011, the plaintiffs in the Makabi action filed a putative class action complaint against ABC and Doe defendants. The Makabi plaintiffs alleged that the defendants failed to pay minimum wages, overtime compensation, and split-shift premiums, and failed to provide lawful meal breaks, rest periods, and accurate itemized wage statements. They also alleged that these failures constituted an unfair business practice under the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.) (UCL).

Around the same time the Makabi action was filed, ABC and GKB corrected their employment practices to comply with wage and hour laws.

In October 2011, the Makabi plaintiffs filed a first amended complaint, still styled as a class action, which added an eighth cause of action under PAGA. In January 2012, they substituted GKB, Gedalia, and Twig as previously named Doe defendants.

The Halevi action was certified as a class action in January 2012 and ultimately numbered 220 plaintiffs. The seven Makabi plaintiffs opted out of the Halevi action and continued to pursue their separate action.

In October 2012, the Makabi plaintiffs filed their second amended complaint, omitting the class allegations and naming ABC, GKB, Gedalia, and Twig as defendants.

In December 2012, the Makabi plaintiffs filed the operative third amended complaint. The first seven causes of action alleged claims against ABC and GKB only. Of the seven causes of action, the first three alleged failure to pay minimum wages, overtime compensation, and split-shift premiums. (§§ 1194, 1197, 1198.) The fourth and fifth causes of action alleged failure to provide required meal and rest breaks. (§ 226.7.) The sixth cause of action averred that the violations of law alleged in the first through fifth causes of action constituted unfair business practices and unfair competition under the UCL. The seventh cause of action alleged that ABC and GKB failed to provide plaintiffs with itemized statements showing wage and hour information. (§ 226.)

In the eighth cause of action—the only cause of action against Gedalia and Twig—Cohen, Berdugo, Batito, and Avashurova (PAGA plaintiffs) sought to recover civil penalties under PAGA based upon alleged violations of Labor Code sections 510 (overtime pay), 512 (meal periods), 1174 (payroll records), 1198 (work

hours), and certain provisions of Industrial Welfare Commission Wage Order No. 5.[2] (§ 2699, subds. (f) & (g).) The four PAGA plaintiffs explicitly based their right to recover against Gedalia and Twig under PAGA on Labor Code section 558, which provides for civil penalties against an "employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission." (§ 558, subd. (a).)

The Halevi action and the Makabi action were consolidated for trial. A court trial took place over six days, ending on May 2, 2013. One lawyer represented the plaintiff class in the Halevi action. In the Makabi action, four lawyers—James Cordes, Jennifer Kramer, Robert Ackerman, and Ricardo Chaves—represented the seven plaintiffs.

In a tentative statement of decision issued on May 8, 2013, the court indicated it would find in favor of the plaintiffs in the Halevi action on all causes of action and in favor of the Makabi plaintiffs on all causes of action except for the failure to pay a split-shift premium. Regarding the PAGA claim, the court indicated that Gedalia and Twig were liable for the PAGA violations, but requested further briefing regarding the PAGA penalties.

After receiving the requested briefing regarding PAGA, the court issued a final statement of decision. The court found in favor of the Halevi and Makabi plaintiffs as previously indicated and, although it found that Gedalia and Twig were liable to the four plaintiffs under PAGA, the court "concluded that PAGA penalties are not appropriate in this case."[3]

---

[2] Wage Order No. 5 is published in section 11050 of title 8 of the California Code of Regulations.

[3] In declining to impose penalties against Gedalia and Twig, the court relied on Labor Code section 2699, subdivision (e)(2), which provides that a court may, under PAGA, "award a lesser amount than the maximum civil penalty amount . . . if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory."

4

In the Halevi action, the court awarded the plaintiffs $3.2 million in damages plus $1.1 million in prejudgment interest. The judgment provided that the plaintiffs' attorneys would receive 25 percent of the amounts collected.

In the Makabi action, the court issued a third amended judgment on April 4, 2014. The court awarded separate monetary sums to each of the Makabi plaintiffs against one or the other corporate defendant. The sum of the awards equals $499,236.99. The court did not award any amount against Gedalia or Twig. The court did, however, order a permanent injunction against Gedalia and Twig "prohibiting the unlawful wage and hour practic[]es identified in the Statement of Decision."[4] The court further ordered that plaintiffs shall be awarded their attorneys' fees and costs in an amount to be determined by motion. The judgment does not mention the PAGA cause of action.

No one appealed from the judgment.

B.     *The Makabi Plaintiffs' Motion For Attorneys' Fees*

In June 2014, the Makabi plaintiffs filed a motion requesting $570,653.13 in attorneys' fees and $20,343.39 in costs on the grounds they are "prevailing parties, and that prevailing parties are entitled to such an award under Labor Code [sections] 226 and 1194." The four PAGA plaintiffs did not separately request any fees under PAGA, nor did they segregate any fees attributable to the work on PAGA. (See § 2699, subd. (g)(1).)

In September 2014, the court issued an order awarding $456,522.50 in fees— 80 percent of the amount requested. The court did not allocate or apportion the fees among the different defendants or mention PAGA.

On September 22, 2014, defendants filed a motion for clarification of the court's order "as to how the apportionment of the award is to be determined between them."

On October 23, 2014, the court issued an order granting the motion for clarification and providing that each of the defendants, "jointly and severally, shall

---

**4**     The judgment states that the permanent injunction is authorized under the UCL. The Makabi plaintiffs' cause of action for violation of the UCL, however, was asserted against ABC and GKB only.

pay to [p]laintiffs' counsel Jennifer Kramer, Esq., Robert Ackermann, Esq., Ricardo Chavez, Esq., and James H. Cordes, Esq., jointly and severally, reasonable attorneys' fees in the amount of $456,522.50 and costs in the amount of $20,343.39 for a total of $476,865.89."

Gedalia and Twig timely appealed from the October 23, 2014 order.[5]

## DISCUSSION

Under the so-called "American Rule," each party to a lawsuit ordinarily pays its own attorneys' fees. (*Trope v. Katz* (1995) 11 Cal.4th 274, 278.) A trial court may, however, award prevailing parties their attorneys' fees when authorized by contract, statute, or law. (Code Civ. Proc., § 1033.5, subd. (a)(10); *Tract 19051 Homeowners Assn. v. Kemp* (2015) 60 Cal.4th 1135, 1142.) In this case, plaintiffs based their right to an award of attorneys' fees on Labor Code sections 226 and 1194.

Section 226 requires employers to provide employees with itemized statements reflecting the employees' wages, hours worked, and other specified information. (§ 226, subd. (a).) An employee who is injured by the employer's failure to comply with this requirement can recover damages and "costs and reasonable attorney's fees." (§ 226, subd. (e)(1).)

Section 1194 provides employees with a right of action to recover the "unpaid balance of the full amount of [the legal] minimum wage or overtime compensation," and "reasonable attorney's fees." (§ 1194, subd. (a).)

Plaintiffs prevailed in the causes of action based upon sections 226 and 1194, and there is no dispute that they were entitled under those statutes to an award of attorneys' fees against ABC and GKB. Indeed, in opposing the motion for fees, the defendants

---

[5]    ABC and GKB, as well as Gedalia and Twig, filed a notice of appeal. The notice states that the "appeal is taken from the judgment awarding attorneys' fees and costs, but is intended to also include appellate review of any and all interlocutory orders occurring before judgment was entered." In August 2015, ABC and GKB expressly abandoned their appeals and Gedalia and Twig expressly abandoned their appeals except as to the order awarding attorneys' fees and costs.

6

challenged only the *amount* of the fees, not the plaintiffs' *entitlement* to fees. ABC and GKB are not challenging the award on appeal.

Neither Gedalia nor Twig, however, were named in any of the causes of action based on section 226 or 1194 and, the court found, they did not employ the plaintiffs and were not personally liable for the Labor Code violations. They could not, therefore, be liable for the attorneys' fees authorized by those statutes. Thus, although the plaintiffs prevailed on those causes of action against ABC and GKB and are entitled to an award of attorneys' fees on that basis, they must recover such fees from the corporate defendants, not Gedalia or Twig.

The only cause of action asserted against Gedalia and Twig was the eighth cause of action to recover civil penalties under PAGA for certain Labor Code violations. Although PAGA includes a provision for "an award of reasonable attorney's fees" to a prevailing employee (§ 2699, subd. (g)(1)), plaintiffs did not request fees pursuant to this provision nor did they segregate attorneys' fees expended pursuing the PAGA claim.

The grounds upon which a motion is made must be stated in the notice of motion. (Code Civ. Proc., § 1010.) In deciding the motion, the trial court may, generally, consider only the stated grounds. (*Hernandez v. National Dairy Products* (1954) 126 Cal.App.2d 490, 493; *Gonzales v. Superior Court* (1987) 189 Cal.App.3d 1542, 1545.) A trial court may, however, "overlook the failure of a notice of motion to state a ground for relief when the supporting materials discuss and support that ground for relief so that it is clear that relief is sought on that ground." (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1126-1127; see also *366-388 Geary St., L.P. v. Superior Court* (1990) 219 Cal.App.3d 1186, 1199.)

Here, the plaintiffs' notice of motion states that the motion is based on sections 226 and 1194; the statute authorizing an award of attorneys' fees under PAGA— section 2699—is not mentioned, and there is nothing in the materials supporting the motion indicating that plaintiffs were requesting fees based upon PAGA. The argument in their accompanying memorandum of points and authorities is based entirely upon the right to fees under section 1194; PAGA is not cited or discussed nor are the PAGA fees

7

segregated.  Neither the notice of motion nor the supporting papers provide any indication that plaintiffs sought fees based on PAGA or identified the amount of the PAGA fees sought.  Accordingly, the court had no authority to award fees against Gedalia or Twig.**⁶**

Plaintiffs argue that, although all the attorneys' fees were not for the PAGA work, they are still entitled to recover the whole amount against Gedalia and Twig because the PAGA work was related to the Labor Code claims on which they prevailed.  They rely on the proposition that a plaintiff who is entitled to recover attorneys' fees on one cause of action, but is not entitled to recover attorneys' fees on another cause of action can still recover attorneys' fees for all work on the case if the factual and legal issues involved in litigating the different causes of action are related.  (See, e.g., *Taylor v. Nabors Drilling USA, LP* (2014) 222 Cal.App.4th 1228, 1251; *Greene v. Dillingham Construction N.A., Inc.* (2002) 101 Cal.App.4th 418, 423; see also *Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133 ["fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not"].)

We do not disagree with that proposition, but it does not apply here.  The proposition assumes that the plaintiffs are entitled to recover fees from Gedalia and Twig under the statutes cited in their motion—sections 226 and 1194.  As explained above, however, they are not.  Without such entitlement, the related-issue rule has no application.

Plaintiffs contend that Gedalia and Twig waived any defect in the notice of motion by responding to the motion and participating in the hearing.  They rely on the general rule that an appellate court will generally not consider a procedural defect or erroneous ruling not challenged below because it would be unfair to the trial court and the adverse party to take advantage of an error that could easily have been corrected.  (See *Doers v.*

---

**⁶**     Plaintiffs' request for an award of costs was expressly based entirely on section 1194. For the same reason that an award of fees against Gedalia and Twig cannot be based on section 1194, an award of costs against them cannot be based on that statute.

*Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1.)  The "defect" in this case, they argue, is their failure to include in their notice any reference to Labor Code section 2699.  The failure to specify a particular ground for relief, however, is not a "defect" to which an adverse party must object; it is merely the omission of a possible basis for relief.  Having been informed of specified grounds for an award of fees, it was not incumbent upon defendants to apprise plaintiffs of another possible ground; their duty was to respond to the grounds asserted, not raise new ones for the plaintiffs.

 *Children's Hospital & Medical Center v. Bonta* (2002) 97 Cal.App.4th 740, upon which plaintiffs rely, does not help them.  In that case, the court entered a judgment stating that the plaintiffs "'are entitled to an award of attorneys fees pursuant to the private attorney general doctrine and costs, in amounts to be determined according to proof.'" (*Id.* at p. 776.)  On appeal, the defendants argued that this statement in the judgment was improper because an entitlement to fees under the private attorney general doctrine can only be determined "'upon motion.'" (*Ibid.*)  However, they did not file a timely motion to vacate the judgment or raise this argument in their opposition to the plaintiffs' motion for fees.  The Court of Appeal held that the argument had been waived because the defendants did not object to the alleged error.  (*Id.* at pp. 776-777.)

 *Bonta* is distinguished.  In that case, the court allegedly acted beyond its jurisdiction by declaring *in the judgment* that the plaintiffs were entitled to an award of fees rather than waiting to determine that entitlement *upon motion*.  The defendants waived that error by failing to bring it to the attention of the trial court when the court could have vacated the premature declaration and determined the entitlement later, "upon motion."  Here, by contrast, the alleged defect—the omission of PAGA as a ground for an award of fees—was not a legal error, but rather the plaintiffs' selection of the grounds upon which their motion was made.  Defendants were not required to point out additional grounds and the failure to do so does not constitute a waiver.

 In their briefs on appeal, the parties focused primarily on issues concerning the trial court's determination of the amount of fees—its calculation of a lodestar figure, the application of a 1.25 percent multiplier, and the reasons for a downward adjustment.

Because, as we have explained, plaintiffs are not entitled to recover any fees against Gedalia and Twig, we need not address those arguments. For the same reason, we do not address Gedalia and Twig's arguments concerning the adequacy of the plaintiffs' notice under PAGA to the Labor and Workforce Development Agency or their assertion that the PAGA plaintiffs did not prevail on their PAGA claim.

## DISPOSITION

The October 23, 2014 order on the motion for award of reasonable attorneys' fees and costs is modified to delete the paragraph on page 2, lines 12 through 16, and to include the following new paragraph in its place:

"Defendants Aroma Bakery Café, Inc. and Gourmet Kosher Baking, Inc., jointly and severally, shall pay to plaintiffs' counsel Jennifer Kramer, Esq., Robert Ackerman, Esq., and Ricardo Chaves, Esq., and James H. Cordes, Esq., jointly and severally, reasonable attorneys' fees in the amount of $456,522.50 and costs in the amount of $20,343.39 for a total of $476,865.89."

Upon remand, the court is directed to enter an order reflecting this modification.

As modified, we affirm the order appealed from.

Gedalia and Twig are awarded their costs on appeal pursuant to California Rules of Court, rule 8.278(a)(5).

NOT TO BE PUBLISHED.


                                                    ROTHSCHILD, P. J.
We concur:



        JOHNSON, J.



        LUI, J.



10